WILLIAM H. KEITH, administrator, *vs.* GRANITE MILLS.

Bristol.    Jan. 3, 1877 ; Jan. 4. — Dec. 24, 1878.

In an action by an employee, between twenty and twenty-one years of age, against a manufacturing corporation, for personal injuries received while endeavoring to escape from its mill, which was on fire, the plaintiff requested the judge to instruct the jury that it was the duty of the defendant to provide proper and suitable means of extinguishing fire, proper and suitable ways and means of escape, and of giving alarm to its servants in case of fire. The judge instructed the jury, that if the room in which the plaintiff was at work was a suitable place, and there were proper and suitable means of extinguishing fire, and the means of egress and escape were suitable and proper, and in order and ready for use, the plaintiff could not recover. *Held,* that the instructions as applied to the first and second requests were sufficiently favorable to the plaintiff ; and that the third request for instructions was properly refused.

TORT by the administrator of the estate of Arabella Keith, for personal injuries sustained by the intestate, while in the employ of the defendant, a manufacturing corporation, by the burning of its mill.

At the trial in the Superior Court, before *Rockwell,* J., the plaintiff put in evidence tending to show that the intestate was injured in endeavoring to escape from the same fire in the defendant's mill, which was the subject of the preceding case ; and put in similar evidence to show the cause of the fire, the mode in which the building was constructed, and the failure of the water to run. It also appeared that the intestate at that time was twenty years and seven months old, and there was no evidence that she was in any way a deficient or inferior person.

The plaintiff sought to maintain the action on account of the great liability of the mill to take fire, and for want of proper and suitable means and ways of escape therefrom in case of fire, and the want of proper means of extinguishing fire and giving alarm to the help in case of fire ; and asked the judge to instruct the jury as follows : " It was the duty of the defendant to provide proper, suitable and sufficient means of extinguishing fire in its mill, and giving alarm thereof, and to have proper, suitable and sufficient ways and means of escape from the mill in case of fire ; and, if the defendant failed therein, it is liable. If the intestate was injured in consequence of the insufficiency of the means of escape or the want of suitable appliances and

apparatus for the extinguishment of fire, and giving alarm thereof, the plaintiff can maintain this action; and it matters not that the negligence of the other operatives or servants at work in the mill may have contributed to her injury. That would not prevent a recovery in this action, if she was not negligent in her acts or doings. It was the duty of the defendant to know that the place was unsafe, it having greater means of knowing the great risks of fire in such mills."

The judge declined to give these instructions in the form in which they were presented, but instructed the jury as follows: "If the plaintiff's intestate was at the time of the fire at work for the defendant, and if she and the defendant were equally capable of observing and understanding the means provided for the extinguishment of fire, and of egress from the burning building and of the risks from fire, there could be no recovery in this action, for these risks were assumed by her, and were a part of the consideration of her wages. This is the law, unless the plaintiff has shown, upon the evidence, affirmatively, the burden of proof being on the plaintiff, that his intestate was of less capacity than adult persons usually engaged in the same business; whether that is proved is a question for the jury. If the jury are satisfied that her capacity was thus deficient, then it is incumbent upon the plaintiff to show that the building and the room were not suitable places in which the plaintiff's intestate, she being herself in the exercise of due care, could do her work without exposure to dangers not coming within the obvious scope of her employment. If the jury are satisfied that the room was a suitable place, that suitable and proper means for the extinguishment of fire, according to the knowledge of the time, were furnished, and were in order and ready for use, and that the means of egress and escape from the building on fire were suitable and proper according to the knowledge of the time, and were in order and ready for use, the plaintiff cannot recover, even if his intestate was using due care. And the plaintiff cannot recover if the injury was caused by the acts or negligence of her fellow-workmen. The defendant was not an insurer of her absolute safety; its obligation was to furnish good and approved means to extinguish fire, and of getting out in case of fire, in the light of the practical science of that time. But if its system of pumps, pipes and hose was a good and

approved system, it is sufficient for its justification, though there is conflicting testimony as to whether it is the very best system. It is to be assumed by the jury, that all the officers of the defendant were suitable persons, of competent skill and experience, and that the defendant had done its duty in respect of their selection. There was no duty upon the defendant to have special means or system of notifying the help of a fire."

The jury rendered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was argued in January 1877, and reargued in January 1878.

*B. F. Butler*, (*E. L. Barney* with him,) for the plaintiff.

*T. M. Stetson*, for the defendant.

ENDICOTT, J. We find no reason for sustaining the exceptions in this case. The rules of law applicable to it were stated in *Jones* v. *Granite Mills, ante*, 84. In both cases the injuries for which damages are sought to be recovered are of a similar character, and were occasioned by the same casualty. In the present case it was not contended that the fire was caused originally by the defendant.

The case was submitted to the jury; and the plaintiff requested the court to instruct them, 1st, that it was the duty of the defendant to provide proper and suitable means of extinguishing fire, 2d, proper and suitable ways and means of escape, and 3d, of giving alarm or notice to its servants in case of fire.

On the two first requests the court gave this instruction, in substance, that if the room was a suitable place, and there were proper and suitable means of extinguishing fire, and the means of egress and escape were suitable and proper, and in order and ready for use, then the plaintiff could not recover. This instruction, as applied to the first request, was sufficiently favorable to the plaintiff. Even if it was the duty of the defendant, in a case like this, to provide proper means of extinguishing fire, and to have the same ready for use, the jury have found the duty to have been performed. Upon the second request, the instructions were also sufficiently favorable to the plaintiff. For the reasons stated in *Jones* v. *Granite Mills*, the presiding judge might properly have declined to submit that question to the jury; and his rulings on that branch of the case, including those relating to

the infancy and want of capacity of the plaintiff's intestate, became immaterial, and it is unnecessary to consider them further. The third instruction requested was properly refused. It is no part of the master's duty to his servants to provide special means of notifying them of a fire or other casualty occurring on his premises. The duty here sought to be imposed upon the master is of the same kind as that of providing means of escape, and is to be governed by the same principles. *Exceptions overruled.*