In the Matter of the Application of CHARLES SARGENT for a Mandamus, *v.* JOHN J. GORMAN, as Sheriff, etc.

S., an honorably-discharged Union soldier, was, prior to January 1, 1891, an employe in the office of the sheriff of the city and county of New York, and received a salary paid by the sheriff out of his own private funds. Upon the accession to office of a new sheriff, at that date, another, whether an honorably-discharged soldier or not does not appear, was appointed to do the work of S., and his application to be reinstated was refused. An application for a mandamus to compel the sheriff to reinstate or reappoint S. was denied. *Held*, no error; that his employment was purely a personal one, and so not within the purview of the act of 1890 (Chap. 67, Laws of 1890), providing that any honorably-discharged soldier holding a position by appointment, and receiving a salary from any city or county in this state, unless appointed for a definite term, shall not be removed from such position except for cause shown after a hearing had.

Also *held*, that the case of S. was not brought within the provision of the act of 1887 (Chap. 464, Laws of 1887) which gives to honorably-discharged soldiers or sailors a preference for appointment and employment in the public departments and works; as, if the application for reinstatement could be regarded as equivalent to one for appointment, there was no vacancy and it did not appear that the successor of S. was not an honorably-discharged soldier; that it will be inferred in the absence of proof to the contrary, that the latter's appointment was made in accordance with the requirements of the law.

Also *held*, that the provisions of the act of 1890 (§§ 21, 22, chap. 523, Laws of 1890), providing for the payment by said sheriff of the compensation of employes, as a part of the expenses of the office, out of the fees collected by him, and that in case the fees received were insufficient the city authorities would appropriate moneys for that purpose, did not aid the relator, as it did not change the character of his employment for the residue of the year 1890, and his employment expired by its own limitation at the end of that year.

As to whether the office of sheriff of the city and county of New York is one of the " public departments," *quære.*

(Argued February 1, 1892; decided February 12, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made May 15, 1891, which affirmed an order of Special Term, denying the application of Charles Sargent for a mandamus.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Abraham Gruber* for appellant. The facts which entitle the relator to a preference in public office being undisputed, the order of the General Term is appealable to this court. (Laws of 1887, chap. 464; *People ex rel.* v. *Chapin*, 104 N. Y. 96; *People ex rel.* v. *Gallagher*, 93 id. 438, 466; *People ex rel.* v. *Common Council*, 78 id. 56; *In re J. A. R. R. Co.*, 121 id. 536.) The relator was entitled to preferment for appointment and employment by Sheriff Gorman on the 2d day of January, 1891. (Laws of 1874, chap. 304, §§ 1, 2; Laws of 1890, chap. 533; *People* v. *Ingersoll*, 58 N. Y. 1; 55 Hun, 285.)

*William E. Stillings* for respondent. The appellant never held an office to which the statutes, forbidding in certain cases the removal of honorably-discharged soldiers, apply. (Laws of 1890, chaps. 67, 523.) Relator as " chief clerk " is not within the protection of the statute. (Laws of 1890, chap. 67.) Relator held a confidential relation to the appointing officer. (*People ex rel.* v. *Ransom*, 13 N. Y. Supp. 370.) The sheriff is the judge as to whether or not the office of chief clerk is a confidential position. (*People ex rel.* v. *Ransom*, 13 N. Y. Supp. 370.)

MAYNARD, J. The relator, an honorably-discharged Union soldier, was, prior to January 1, 1891, an employe in the office of the sheriff of the city and county of New York, receiving a salary at the rate of $2,000 per annum, which was paid by the sheriff out of his own private funds. He was first employed by Sheriff Flack at the beginning of his term of office, January 1, 1889. He was continued in the same employment by General Sickles, who had been appointed to the vacancy caused by the resignation of Mr. Flack, and whose right to hold the office expired with the 31st day of December, 1890, when he was succeeded by John J. Gorman, the respond-

ent, who had been elected to the office at the general election in the preceding November.

The respondent did not continue the employment of the relator, but, on his accession to the office, designated another person to do the work which the relator had done under his predecessors.

The relator made no application to the respondent to be appointed or employed by him in the sheriff's office, but appears to have assumed that he had the right to continue in the office under the employment by Sheriffs Flack and Sickles, until he was removed for cause after a hearing had under the provisions of section 1 of chapter 119 of the Laws of 1888, as amended by chapter 67 of the Laws of 1890. He accordingly reported for duty at the sheriff's office on the morning of January 2, 1891, the preceding day having been a holiday, and was informed by the respondent that he would not recognize him as an employe of the office; that another person had been appointed to render the services theretofore performed by him, and he was ordered to leave his desk and thereafter not to enter the office as an employe. The relator seems to have regarded this as a dismissal from office, and on the same day notified the respondent that he objected thereto, stating that he was an honorably-discharged Union soldier, and he demanded immediate reinstatement on the ground that his discharge was illegal, because in violation of the laws of the state giving such soldiers a preference and prohibiting their discharge from public employment, except for cause and after a hearing had. The relator's demand was not complied with, and, upon these facts, he applied for a peremptory writ of mandamus to compel the respondent to immediately reinstate or reappoint him to the position which he had occupied in the sheriff's office before January 1, 1891, which was denied by the Special Term. The General Term, upon appeal, affirmed the order denying the writ, and the relator has brought this appeal and now insists for the first time that if he is not entitled to reinstatement, under chapter 67 of the Laws of

1890, he is entitled to reappointment under chapter 464 of the Laws of 1887.

It is clear that the relator has not brought his case within the purview of the act of 1890. That act provides that "no person holding a position by appointment in any city or county of this state receiving a salary from such city or county (unless he has been appointed for a definite term), who is an honorably-discharged soldier   *   *   *   shall be removed from such position, except for cause shown after a hearing had, etc."

The relator did not, on January 1, 1891, hold a position by appointment in the sheriff's office of the city and county of New York, and was not then in receipt of any salary from such city or county. His employment by Sheriffs Flack and Sickles was a purely personal one for their own convenience and to aid them in the clerical work of the office, and for which he was paid by them out of their own private funds an agreed compensation. He held his place there at the will of his employer, and when General Sickles' term expired, he ceased to be an employe of the office. The respondent did not remove or discharge him, and hence was not required to retain him, unless cause for his dismissal could be shown after hearing him in his defense.

Nor has the relator brought his case within the provisions of chapter 464 of the Laws of 1887. That act requires that: "In every public department and upon all public works of the state of New York, and of the cities, towns and villages thereof   *   *   *   honorably-discharged Union soldiers and sailors shall be preferred for appointment and employment."

It might be sufficient upon this point to say that the relator did not put his application for a writ of mandamus upon this ground. He seems to have proceeded upon the theory that he had been unlawfully discharged and was entitled to reinstatement; and it was not until the suggestion was made by a remark in one of the opinions delivered at General Term, that it occurred to him that he was entitled to preference in appointment under the act of 1887. But if his application for reinstatement could be regarded as equivalent to an application

for appointment, it would not avail him under the proofs in this case. When that application was made the position had already been filled by appointment by the respondent. There was no vacancy to which the relator could be appointed. The law did not require the respondent to create a vacancy for the purpose of appointing the relator. Nor does it appear that the incumbent of the place was not himself an honorably-discharged soldier. There is no allegation in the relator's moving papers that he is not. The statute is highly penal in its consequences. A violation of it by respondent will not be presumed. On the other hand, if an appointment to such a place as the relator aspired to was embraced within its provisions it will be inferred that it had been made in accordance with the requirements of law upon the subject, unless there is clear proof to the contrary.

It is not necessary to consider the question whether the position which the relator formerly held in the sheriff's office was a confidential one. Not being within the protection of the act of 1890, the kind of service which he rendered becomes immaterial.

Nor is the relator aided by chapter 523 of the Laws of 1890, which made the office of sheriff of the city and county of New York salaried, and required all fees received by him to be paid into the city treasury; and provided for the payment of his salary and the salaries of all persons employed in his office out of such treasury. That act, with the exception of sections 21 and 22, which were of temporary application, did not take effect until January 1, 1891, when the relator's employment had expired by its own limitation.

Nor did sections 21 and 22 change the character of his employment for the residue of the year 1890, after chapter 523 became a law. It merely provided for the payment by the sheriff of the compensation to which the relator was entitled under the agreement with him, as a part of the expenses of the office, out of the fees collected by the sheriff, and that, in case the fees received were insufficient to pay in full the salary of the sheriff and his deputies, assistants and attorney

and the expenses of the office, the city authorities would appropriate sufficient moneys for that purpose. It did not assume to regulate the tenure of any of the employes of the office, except that it declares that such of them as are specifically named "shall serve during the pleasure of the sheriff," but not after January 1, 1891.

It is to be further observed that the act of 1887 has no application to employes in the office of the sheriff of the city and county of New York, unless such office is one of the "public departments" of the city, but in the view we take of the relator's status on January 1, 1891, it is unnecessary to pass upon that question.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.