## SCHMALZRIED *v.* WHITE.

### (*Jackson.*   June 13,  1896.)

1. LANDLORD AND TENANT.   *Landlord's duty as to secret defects.*

   The duty of disclosing to a tenant hidden defects and secret con-
   ditions that contribute to make the property unsafe, is not
   imposed upon a landlord who is ignorant of them, without
   fault or negligence on his part.   (*Post, pp. 37–41.*)

   Cases cited and approved: Banks *v.* White, 1 Sneed, 614; Oil
   Works *v.* Bickford, 14 Lea, 657; 98 N. Y., 245; 56 N. Y., 398
   (S. C., 15 Am. R., 438); L. R. 5 Q. B., 501; 10 C. B., 591; 135
   Mass., 380; 120 U. S., 712; 147 U. S., 413.

   Cited and distinguished: Hines *v.* Willcox, 96 Tenn., 148, 328.

2. SAME.   *Landlord's duty as to fire escapes.*

   Fire escapes need not be provided by a landlord for the safety
   of a tenant or for anyone on the premises by the latter's invi-
   tation or permission, unless this is required by statute or ordi-
   nance.   (*Post, pp. 41–45.*)

   Cases cited and approved: 126 Mass., 84 (S. C., 30 Am. R., 661);
   126 Mass., 90; 131 N. Y., 194 (S. C., 15 L. R. A., 194).

3. REPEAL.   *Of ordinance by implication.*

   An ordinance requiring fire escapes on buildings of specified
   kinds, when it is a subsection of a general ordinance covering
   the whole subject of erection of buildings within the city, re-
   peals by necessary implication an earlier ordinance which
   made a different list of the buildings to be provided with fire
   escapes, and placed the control of the matter in the hands of
   a different officer.   (*Post, pp. 42–44.*)

   Cases cited and approved: Poe *v.* State, 85 Tenn., 495; State *v.*
   Terrell, 86 Tenn., 523; State, *ex rel.*, *v.* Butcher, 93 Tenn., 679;
   12 R. I., 473; 67 Ill., 102.

Schmalzried *v.* White.

4. FIRE ESCAPES. *Failure to comply with ordinance requiring.*

Failure of the owner of a building to comply with the ordinance as to fire escapes, even if not of itself the ground of an action by a person injured thereby, is at least a matter to be considered in connection with other facts and circumstances on the question of negligence. (*Post, pp. 44, 45.*)

Cases cited: Queen *v.* Dayton, etc., Co., 95 Tenn., 453; 33 Minn., 323 (S. C., 53 Am. R., 47); 40 Minn., 103 (S. C., 12 Am. R., 698); 111 U. S., 228; 106 Mass., 458 (S. C.. 8 Am. R., 356); 89 Pa. St., 71 (S. C., 33 Am. R., 726); 40 Md., 312 (S. C., 17 Am. R., 603); 11 R. I., 456 (S. C., 23 Am. R., 502); 1 Disney, 532.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County. L. H. ESTES, J.

MORGAN & McFARLAND and TURLEY & WRIGHT for Plaintiff.

JAMES M. GREER and C. D. M. GREER for Defendant.

BEARD, J. The plaintiffs in error were the owners of a four-story building in Memphis, which was burned in November, 1893. At that time the Young Men's Christian Association occupied the second and third floors under a contract of subtenancy. The defendant in error was a member of the association, and, when the fire occurred, was on the second floor. In attempting to escape he leaped to the ground

and was seriously injured. This suit was instituted by him against the owners of the property to recover damages for this injury. The gravamen of his declaration is that the building was negligently constructed, in that, contrary to law and the ordinances of the city, it was not provided with fire-escapes, and that this neglect was the proximate cause of his injury. Upon issues properly made there was a verdict and judgment for the plaintiff below. The case is before us upon assignments of error to the charge of the trial Judge. Two of these will be noticed.

1. In his instructions to the jury he said: "Under the common law, when a landlord leased or rented a house to a tenant, he was bound to deal fairly with such tenant. He was required to disclose to the tenant any hidden defects in the construction of the building or any secret conditions or surroundings that contributed to render the building unsafe to life, limb, health or property, so that if the landlord failed to make such disclosures as would apprise the tenant of the condition of the premises before he became his tenant, and the failure to make such disclosures caused the tenant or some one there on his invitation to be injured or suffer loss, then such act of the landlord was held to be fraudulent, and made him liable for whatever injury resulted."

It will be seen that in this paragraph the Circuit Judge, in effect, tells the jury that the common law placed on the landlord the duty of dis-

closure to the tenant of hidden defects and secret conditions that contribute to make the demised property unsafe, and made him liable for any injuries resulting therefrom, not only to his tenant, but to anyone on the premises by the invitation of his tenant, though the landlord was ignorant of these defects and conditions, without fault or negligence on his part.

The common law imposes no such responsibility on the landlord. It does not make him an insurer to the tenant. On the contrary, in the ordinary contracts of letting, it does not imply any warranty on the part of the landlord that the leased premises are in a safe and habitable condition, since the tenant ordinarily has it in his power to inspect the premises and so accept them at his own risk. Buswell on Law of Per. Inj., § 82.

In *Edwards* v. *N. Y. & H. R. R. R.*, 98 N. Y., 245, it is said: "It is a universal rule, to which no exception can be found in any case now regarded as authority, that, upon the demise of real estate, there is no implied warranty that the property is fit for occupation or suitable for the use or purpose for which it is hired."

In *Jaffe* v. *Hartean*, 56 N. Y., 398 (S. C., 15 A. R., 438), it was held that "a lessor of buildings, in the absence of fraud or any agreement to that effect, is not liable to the lessee or others lawfully upon the premises, for their condition, or that they are tenantable and may be safely and conveniently

used for the purposes for which they are apparently intended.''

In *Francis* v. *Cockrell*, L. R., 5 Q. B., 501, Kelley, C. B., said that there was no implied warranty by the lessor that the demised real estate ''shall be reasonably fit, or fit at all, for the purpose for which it is let;'' and in *Keates* v. *Cadogan*, 10 C. B., 591, the rule is stated to be that ''no action lies by a tenant against a landlord on account of the condition of the premises leased, in the absence of an express warranty or active deceit.''

In *Bowe* v. *Hunking*, 135 Mass., 380, the Court said: ''In the case at bar there was no express or implied warranty, and no actual fraud or misrepresentation. 'If the action can be maintained, it must be on the ground that it was the duty of the defendants to inform the tenant of the defect in the staircase. This duty, if it exists, does not arise from the contract of the parties, but from the relation between them, and is imposed by law. If such a duty is imposed by law, it would seem that there is no distinction, as a ground of liability, between an intentional and an unintentional neglect to perform it; but, in such a case, there can be no such duty without knowledge of the defect.'' The same doctrine is announced in *Vitirbo* v. *Friedlander*, 120 U. S., 712, and it is elaborated with great research and ability in *Doyle* v. *U. P. R. R. Co.*, 147 U. S., 413. It is also recognized by this Court

Schmalzried v. White.

in *Banks* v. *White*, 1 Sneed, 614, and *Oil Works* v. *Bickford*, 14 Lea, 657.

In laying down, as the rule of the common law, one so widely different from that announced in the foregoing cases, the trial Judge was guilty of manifest error, the effect of which was not cured in the subsequent part of his charge.

What is here said in discussing this subject is not intended to conflict with the case of *Hines* v. *Willcox*, 33 S. W. R., 914 (S. C., 96 Tenn.). In that case it was announced that the landlord was liable not only for what he knew of defects in the premises let, but for what he might have known by the exercise of reasonable care and diligence, while in this, under the instructions of the trial Judge, the rule as announced by him would make the landlord liable for hidden defects from which injuries were received, without regard to the question of diligence and reasonable care.

2. But the plaintiff below not only rested his right to recovery upon what he claimed was common law negligence of the owners of the property destroyed, but also upon their violation of certain ordinances as to fire escapes of the city of Memphis, which were given in evidence. Independent of statute or ordinance, we do not think that the duty is imposed upon the owner of leased property to provide such appliances for the tenant or for anyone on the premises by the latter's invitation or permission. It is held that there is no common law

obligation resting on the master to provide means of escape from fire for his employees. *Jones* v. *Granite Mills*, 126 Mass., 84 (S. C., 30 A. R., 661); *Ruth* v. *Granite Mills*, 126 Mass., 90; *Pauley* v. *Steam Gauge Co.*, 131 N. Y., 194 (S. C., 15 L. R. A., 194). And we do not think it can be insisted that the common law would place a higher duty upon the landlord in this regard.

There were two ordinances of the city given in evidence to the jury, which the plaintiff contended had been violated. The first of these was passed in 1880, and is as follows:

"Sec. 166*a*. The proprietor, lessee, occupant, or person in charge of each and every hotel, theater, public hall, or public building in the Taxing District, or any building where manufactories, dressmaking, millinery, or any other kind of work whatsoever, in the third story, or any story above the third story of said building, is done, is hereby required to provide safe and sufficient fire escapes from each and every story of the same, to be constructed under the supervision, and to the entire satisfaction, of the District Engineer and the Chief of the Fire Department, and each day's failure to provide the same, or any part thereof, or to keep the same, or any part thereof, in good repair, shall be deemed a distinct and separate offense."

In 1890 the municipal authorities of Memphis passed an ordinance entitled "Building Ordinance of the Taxing District of Shelby County" (city of

Memphis), consisting of many sections and subsections, in which the whole subject of the erection of private and public buildings within the city limits is provided for and regulated. Subsection 27—1 of this general ordinance is as follows:

"SUBSEC. 27—1. All buildings now erected, or that may hereafter be erected, three or more stories in height, occupied or built to be occupied by three or more families above the first floor, and every building already erected, or that may hereafter be built, three or more stories in height, occupied or used as a hotel, lodging house, or boarding house, having more than fifteen rooms, and every factory, mill, office building, manufactory or workshop, hospital, asylum, or institution for the care or treatment of individuals, and every building in whole or in part occupied or used as a school or place of instruction or assembly, shall be provided with such good and sufficient fire-escapes or other means of egress in case of fire, as shall be directed by the inspector of buildings, and said inspector shall direct such means of egress to be provided in all cases where he shall deem the same necessary."

The trial Judge gave both in charge to the jury as existing ordinances, bearing on the issues in this cause. In this he again committed an error, as it is clear that the later ordinance—that is, that of 1890—by necessary implication, repeals the earlier. The ordinance of 1880 was simply directed to the subject of fire-escapes, and provided for their con-

struction "under the supervision, and to the entire satisfaction, of the district engineer and the chief of the fire department," while that of 1890 places the exclusive control of this matter in the hands of the inspector of buildings. To this extent they are inconsistent. In addition, as before stated, the latter is a subsection of a general ordinance covering the whole subject of the erection of buildings within the city, and regulates it down to minute details.

It is well settled that a subsequent statute, "revising the whole subject-matter of a former one, will operate as a repeal of it though it contains no express words of repeal" (1 Beach on Munic. Corp., § 521, and cases cited in note 3), especially if it contains provisions inconsistent with the earlier statute. *Poe* v. *State*, 85 Tenn., 495. And this is so even if material parts of the former statutes are omitted. *State* v. *Turrell*, 86 Tenn., 523. See, also, *State ex rel.* v. *Butcher*, 93 Tenn., 679. And there is no reason why this rule should not apply to city ordinances. 1 Beach on Municip. Cor., § 521; *City of Providence* v. *Union R. Co.*, 12 R. I., 473; *Booth* v. *Carthage*, 67 Ill., 102.

But it is insisted that the ordinance of 1890 imposed no duty upon the owners of this building for a breach of which a civil action can be maintained by one sustaining an injury from such breach, and that therefore the trial Judge was in error in letting this go to the jury. It is conceded that, for a violation of a general statute, a civil action will

lie at the instance of a party injured thereby (*Queen v. Dayton, etc., Co.*, 95 Tenn., 458), but it is insisted that this is not true with regard to a violation of a municipal ordinance. An examination of the authorities will show much diversity of judicial opinion on this question. The cases of *Bott v. Pratt*, 33 Minn., 323 (S. C., 53 A. R., 47); *Osborn v. McMasters*, 40 Minn., 103 (S. C., 12 A. R., 698); *Hays v. Michigan Central Railroad*, 111 U. S., 228; *Salisbury v. Harshman*, 106 Mass., 458 (S. C., 8 A. R., 354), hold that, for the violation of a municipal ordinance, an action can be maintained by a private individual injured thereby. The cases of *Philadelphia Railroad v. Ervin*, 89 Pa. St., 71 (S. C., 33 A. R., 726); *Flynn v. Canton Co.*, 40 Md., 312 (S. C., 17 A. R., 603); *Henry v. Sprague*, 11 R. I., 456 (S. C., 23 A. R., 502), and *Vandyke v. Cin.*, 1 Disney, 532, take the contrary view.

We do not think that we are called upon to settle this question in this case, because the trial Judge simply told the jury that if they found that plaintiffs in error had failed to comply with the ordinance of the city as to fire escapes, then they might look at that fact "in connection with the other facts and circumstances" shown, on the question of negligence. We do not think that plaintiffs in error can complain of this instruction.

For the errors pointed out the case must be reversed and remanded.