## EVA GARY v. H. H. SPITLER, et al.

Eastern Section. October 27, 1928.

Petition for Certiorari denied by Supreme Court, February 18, 1929.

Estes Kefauver, of Chattanooga, for plaintiff in error.
Cantrell, Meacham & Moon, of Chattanooga, for defendant in error.

THOMPSON, J. In September, 1926, the plaintiff below, Eva Gary, rented (from month to month) a small building on east 3rd street, Chattanooga, Tennessee, from the defendants at a rental of $20 per month. She operated a restaurant in said building.

On January 15, 1927, a plank in the floor of said building near her stove broke with her. Her foot and a part of her leg went through the floor and she sustained the injuries for which she brought this suit.

At the trial the attorney for the defendants at the conclusion of the plaintiff's evidence moved for a directed verdict in their favor. The court sustained this motion, and her motion for a new trial hav-

ing been overruled, she has appealed to this court and has assigned error challenging the correctness of the action of the trial court in directing the verdict against her.

It appears that in September, 1926, the plaintiff rented the building from the defendants—the rental being from month to month and at the rate of $20 per month. There was no written contract, and no oral agreement that the defendants would put or keep the building in repair.

It seems that up to some time in September, 1926, the plaintiff's husband (renting from the defendants) operated a restaurant in the building. But in September, 1926, as plaintiff expressed it, her husband beat her up and left. So, she rented the building from the defendants and began operating the restaurant herself.

At the time she rented the building from the defendants, i. e., some time in September, 1926, there was a small hole in the floor in front of the cook stove and about three feet from it. This hole was only two or three inches in diameter and seems to have been caused either by the dropping out of a knot in one of the planks of the floor, or by the breaking off of one of said planks. It was very close to one of the sleepers underneath and supporting the planks of the floor. How far it was from the next sleeper does not appear as there is nothing in the record showing how far apart said sleepers were.

Just how high the floor was above the ground underneath does not affirmatively appear, but we gather from the record as a whole that it was not more than eighteen inches or two feet at the most.

At the time plaintiff rented the building she was aware of the hole in the floor.

In October, 1926, while the defendants' agent, H. H. Spitler, himself one of the defendants, was at the restaurant to collect rent from the plaintiff she complained to him of the hole and he promised to have it fixed or repaired. In December, 1926, she complained to him again and he again promised to have it repaired. But it never was repaired, and plaintiff would always be careful to step over it.

On January 15, 1927, while plaintiff was engaged in cooking upon the stove she stepped on the plank leading to the hole. Her foot evidently was very close to the hole. Her weight caused the plank to break (since it had no support under it at the end terminating in the hole) and her foot and leg went through the floor and she was injured.

The question is, was she entitled to go to the jury? The trial court thought she was not. Counsel cite the following Tennessee cases: Young v. Bransford, 80 Tenn., 234; Schmalzried v. White, 97 Tenn., 36; The Willcox Cases, 96 Tenn., pages 148 and 163 and 328; and 100 Tenn., 524; Storage Co. v. Miller, 135 Tenn., 187; Hurt v.

Railroad, 140 Tenn., 632; Boyd v. McCarty, 142 Tenn., 670; Smith v. Tucker, 151 Tenn., 347; Edington v. Shoe Co., 153 Tenn., 323.

We are not prepared to say that plaintiff made out a case under the Willcox cases because she knew of the defect in the floor. If that were all there is in the case we would affirm the judgment of the trial court.

But, as stated, one of the defendants who was the agent of the other defendants promised the plaintiff in October and again in December, 1926, that the defendants would repair the defect in the floor, and defendants failed to make said repairs.

The trial judge was of opinion that these promises were not supported by any consideration and were nudum pactum. Boyd v. McCarty, 142 Tenn., 670. He, therefore, ruled that defendants could not be held liable for failing to perform them.

In Boyd v. McCarty, the lease was for a term of years and the lessee had given notes for the rent. There was no obligation on the part of the lessor to make repairs. During the term of the lease the agent of the lessor promised to make some repairs, and the Supreme Court held that there was no consideration for said promise, etc. But the holding was upon the ground that the lessee was bound to pay the rent notes anyhow.

Now, in the cause at bar, the tenancy was from month to month and the plaintiff was not bound to remain in the premises and pay the rent. She could vacate and relieve herself of paying rent upon short notice.

The last promise to repair was made in December, 1926, and she was injured on January 15, 1927. We, therefore, cannot say that she remained in the building an unreasonable length of time in reliance upon the promise. Neither can we say that the danger was so open, and apparent and glaring that she was guilty of contributory negligence as a matter of law.

It is true that the plaintiff did not testify in so many words that if the promises had not been made she would not have remained in the building and paid her rent during the months following said promises. Neither did she testify that said promises were made just before the expiration of one month and the beginning of another. But the fact remains that the promises were made in October and December and she remained in the building and paid rent until after the 15th of the following January; whereas, she could have moved out during November or December.

So, we do not think it should have been held by the trial judge that as a matter of law there was no consideration for the promises which the defendants' agent made to the plaintiff to repair the defect. And, as stated, we do not think it can be held that the plaintiff was as a matter of law guilty of contributory negligence.

The judgment of the trial court will, therefore, be reversed and the cause will be remanded for a new trial.

All concur.