HATTIE HAMILTON, Plaintiff in Error, v. E. MOORE, Defendant in Error.

Middle Section. March 19, 1932.

Petition for Certiorari denied by Supreme Court, July 2, 1932.

Thompson & Ballard, of Chattanooga, for plaintiff in error.
C. H. Neighbors, of Chattanooga, for defendant in error.

DeWITT, J. This action was brought by Hattie Hamilton against E. Moore to recover damages for personal injuries sustained from the breaking down of the rear outside steps to a house which she rented from Moore as a residence. The grounds of liability alleged were negligence in consciously allowing the steps to remain in a defective and dangerous condition; and breach of contract to repair the steps. At the close of the evidence offered by the plaintiff the trial judge sustained a motion of defendant for peremptory instruc-

tions and dismissed the suit. The motion was based on the plaintiff's testimony that she knew the condition of the steps and yet remained there and continued to use the steps.

An April, 1930, the plaintiff rented the house from defendant from week to week at $4.50 per week. She continued to occupy it until October 2, 1930, when she was injured by being thrown to the ground from the breaking of the fifth step from the bottom while she was walking down the steps. Altogether there were fifteen steps.

The plaintiff testified that the defendant promised, when she rented the premises, that he would keep the house in repair; that about the middle of August, the banister being out of order and the step cracked and broken in the middle, she told defendant of it several times, and he promised to have it fixed; that the steps were in bad condition, but that he told her that she could use them until he could send a workman to repair them; and that he did not have them repaired until three weeks after she was hurt. She admitted that she used these steps all of the time. The accident occurred in the evening just before darkness.

Annie Williams, a neighbor, testified that about the middle of August she heard a conversation between plaintiff and defendant in which defendant promised plaintiff to have the steps repaired, but that he did not have it done until after the plaintiff was injured. There was testimony that defendant's excuse for his delay was that his workman was in jail and he would have the steps repaired as soon as he could get him out of jail. There were steps leading to the front of the house which were in good condition.

This statement is a complete summary of the evidence material to the issue whether or not it was error to sustain the motion.

The action was based principally upon the decision of the Eastern Section of the Court of Appeals in Gary v. Spitler, 10 Tenn. App., 34, in which a petition for certiorari was denied by the Supreme Court. The circuit judge was of the opinion that it was not applicable. In that case there was no agreement by the landlords to put or keep the building in repair, but their agent was informed by the tenant that there was a small hole in the floor in front of the cook stove and about three feet from it, and he promised twice to have it repaired. But it never was repaired and the plaintiff, the tenant, would always be careful to step over it. The hole was only two inches in diameter and seemed to have been caused either by the dropping out of a knot in one of the planks of the floor, or by the breaking off of one of the planks. It was very close to one of the sleepers underneath and supporting the planks of the floor. At the time the plaintiff rented the building she was aware of the hole in the floor. On January 15, 1927, the last complaint

having been made in the preceding month, the plaintiff stepped upon the plank leading to the hole, the plank broke and she was injured.

The Court of Appeals held that the plaintiff had not made out a case under the Willcox cases (96 Tenn., 148, 163, 328, 33 S. W., 914, 917; 100 Tenn., 524, 45 S. W., 781), but it reversed a judgment based upon a directed verdict because of the breach of the promise to make repairs, the plaintiff being deemed as a matter of law not guilty of contributory negligence. The case was differentiated from Boyd v. McCarty, 142 Tenn., 670, 222 S. W., 578, where the lease involved was for a term of years, the lessee had given notes for the rent, there was no obligation on the part of the lessor to make repairs; an agreement of an agent of the lessor to make repairs was held nudum pactum for lack of consideration, and the holding of nonliability was upon the ground that the lessee was bound to pay the rent notes anyhow. In Gary v. Spitler the lease was oral and the term was from month to month, so that the lessee was not bound to remain in the premises and pay the rent. She could vacate and relieve herself of paying rent upon short notice. It was held that she did not stay in the building an unreasonable time in reliance upon the promise; nor could the court say that the danger was so open and apparent and glaring that she was guilty of contributory negligence, as a matter of law.

In the instant case there was evidence that the landlord covenanted in the lease to put and keep the premises in repair—so that the promise to repair was not nudum pactum. But the lease was from week to week, so that the tenant could vacate promptly upon the breach. Instead, she remained in the house for about six weeks after the first promise was made. The defect in the steps and the danger from injury therefrom were well known to her and yet she made constant use of the steps. The defect and danger were far more obvious than that appearing in the Gary case. The plaintiff chose to remain in the house and take the risk of injury until the promise to repair should be performed. The law does not make the landlord an insurer to the tenant. Schmalzried v. White, 97 Tenn., 36, 36 S. W., 393. The rule of the Willcox cases that the tenant must exercise reasonable care and diligence or he cannot recover, has not been abrogated. A tenant cannot assume a known serious risk from defects in the premises and expect to recover damages from the landlord because his promise to repair had not been performed. The rule of liability for failure to repair applied in Cotton Press and Storage Co. v. Miller, 135 Tenn., 187, 186 S. W., 87, and Savings Bank v. Vance, 7 Higgins, 383, is not applicable here, for in those cases the persons injured were not guilty of negligence. In this case we must hold that the plaintiff's negligence in

using steps known to be dangerous barred any right of action for her injuries. The judgment of the circuit court is affirmed at the cost of the plaintiff.

Faw, P. J., and Crownover, J., concur.