TALLEY v, CURTIS.—129 S. W. (2d), 1099.

Middle Section. March 25, 1939.

Petition for Certiorari denied by Supreme Court, July 1, 1939.

182

Walker & Hooker, of Nashville, for plaintiff in error.

Elkin Garfinkle and Dan Garfinkle, both of Nashville, for defendant in error.

FAW, P. J. This is an appeal in error by W. H. Talley, plaintiff below, from a judgment of the Second Circuit Court of Davidson County dismissing his suit at his cost.

Plaintiff sued his landlord, W. B. Curtis, to recover damages for personal injuries sustained by plaintiff in a fall while descending a flight of outside wooden steps to a dwelling-house in which plaintiff and his family lived. It is averred in plaintiff's declaration that "when the plaintiff was in the act of leaving his residence to go to work on the early morning of October 19, 1937, and stepped upon said steps the same broke and gave way causing him to fall violently to the ground, as a direct and proximate result of the rotten, deteriorated and defective condition of said steps, all of which was, or, in the exercise of ordinary care, should have been known by the defendant", and that, "as a direct and proximate result of the negligence and carelessness of the defendant's failure to keep said premises in repair and in permitting said steps to become rotten, deteriorated and defective, as aforesaid, plaintiff was permanently and otherwise injured."

The case was tried to a jury upon the issues made by defendant's plea of the general issue—not guilty—to plaintiff's declaration, and the jury found the issues in favor of the plaintiff and assessed his damages at $750, and judgment was rendered accordingly.

But the Trial Judge sustained the defendant's motion for a new trial, set aside the former judgment and dismissed plaintiff's suit at his cost—holding that he had erred in denying defendant's motion for a directed verdict made at the close of the evidence. Thereupon the plaintiff moved for a new trial, upon the ground that the Court erred in sustaining defendant's motion as aforesaid, and in dismissing the suit, which motion of plaintiff was overruled. The plaintiff excepted to the action of the Court in overruling his motion for a new trial, and prayed an appeal in the nature of a writ of error to this Court, which appeal was granted by the Court and perfected by the plaintiff.

Assignments of error on behalf of plaintiff have been filed in this Court, which assignments (it is conceded on plaintiff's brief) may be resolved into the single proposition that the trial court erred in sustaining defendant's motion for a directed verdict.

At the time of the trial below, in June, 1938, plaintiff, W. H. Talley, was fifty-four years of age. He suffered the injuries, for which he sued in this case, on October 19, 1937, at which time he and his family were living in a house owned by defendant Curtis at 716 North Second Street in the city of Nashville, and plaintiff was then, and had been for eight years theretofore, working as an elevator operator at the YMCA in Nashville. At the time of his injury, plaintiff had been occupying the house in question, as a tenant of defendant from "month to month", for approximately three years and ten months, at a monthly rental of $12.50.

Plaintiff fell, and was thereby injured, while descending a flight of four steps which led from a side porch to the ground, or "brick walk,"

at 6 o'clock in the morning, as he was "starting to work". When asked "What caused you to fall?" plaintiff replied: "a piece of the step bursted off and threw me." Plaintiff testified further that it was the second step from the top that "gave way"; that "there is three pieces across the step to step on, and the outside one extends over just a little; I don't know how much. Well, when I stepped on this, it bursted off with me", and that he fell on the steps and his head hit the edge of the floor back behind him and he was rendered unconscious for a few moments.

There is evidence that plaintiff sustained substantial injuries as a result of this aforesaid fall; but the extent of his injuries is not material to the question for decision on this appeal.

It appears that, before plaintiff was injured, both plaintiff and defendant had knowledge that the steps in question were in a defective condition. Plaintiff testified that, in the summer of 1937, he told defendant of the defective condition of the steps, and they (plaintiff and defendant together) "stopped there and looked at the steps" and defendant "went out and got his hammer and nails" and "drove a nail or two in the step" and "made this remark, that it won't hold, I will have to put in new steps"; but that defendant did not put in any new steps until after plaintiff was "hurt".

It appears that there were three flights of steps affording ingress to and egress from the house in question—"one in the front, one in the back, and one on the side." Plaintiff fell on the side steps. Plaintiff stated in his testimony that, after he and defendant examined the side steps in the summer of 1937 as aforestated, he (plaintiff) continued to use the said steps daily, knowing they were dangerous, until he was injured as aforesaid on October 19, 1937; he did not use the front steps because he had that part of the house "rented out", and "the back steps were worse than the front".

Mrs. Talley, wife of plaintiff, testified that she had repeatedly asked defendant (when he came to collect the rent) to "fix" the steps, and defendant "said the nails wouldn't even hold them, they were so rotten."

Mrs. Talley also stated that the side steps were so bad she "didn't use them very much"; that she used the back steps, but that she "really was careful, because the back ones were bad too."

The defendant stood on his motion for peremptory instructions, and did not introduce any evidence.

The record recites that the trial court sustained defendant's motion "upon the ground that the plaintiff had full knowledge of the dangerous condition of the steps". In thus ruling, the learned Trial Judge was applying a general principle of law applicable to negligence cases, which is stated in 20 R. C. L., pages 14, 15, section 10, as follows:

"Of necessity there are in every controversy involving the question

of negligence or the absence thereof two parties: the defendant and the person injured, or his representative. And ultimately, in determining whether a. recovery shall be allowed, it is essential to view the conduct of injurer and injured as a whole and note the bearing that the acts of each had upon the resultant injury. Since, as we have seen, knowledge of the parties is the test of liability, the question in any negligence action becomes one of comparative knowledge—the knowledge of the defendant opposed to the knowledge of the person injured. To put the case in somewhat plainer and more familiar form, liability is established when it is shown that the peril, being of the defendant's creation, was known to the defendant but not to the person injured; and no liability is predicable of the injury when it appears that the injured person's knowledge of the danger surpassed or equaled that of the defendant.''

■ Accordingly, ''it has frequently been held that the right of the tenant to recover for such injuries may be barred by his negligent conduct in using the premises with knowledge of their unsafe and dangerous condition, since in such cases the tenant, in thus placing himself in a position of danger, assumes the risk of any injury caused thereby.'' 16 R. C. L., page 1061, sec. 581.

Numerous cases holding in accord with the text last above quoted from Ruling Case Law are cited in a note found in 34 L. R. A., N. S., page 808.

■ In 36 C. J., page 223, section 911, many cases are cited to support the statement in the text that, ''The general rule is that where the tenant has knowledge of the defective condition of the premises and continues thereafter to occupy the same, he is considered to have assumed the risk, and in case of injury resulting from such defects he is held guilty of contributory negligence, and hence cannot recover.''

And it has been so held in this State. Gilchrist v. Satterwhite, 7 Tenn. Civ. App., 321, 328; Louden v. Cline, 8 Tenn. Civ. App., 272, 276; Hamilton v. Moore, 14 Tenn. App., 584, 586; Pass v. Jones, 16 Tenn. App., 321, 324, 64 S. W. (2d) 511.

In Boyd v. McCarty, 142 Tenn., 670, 677, 222 S. W., 528, 530, the court said that the two cases of Hines v. Willcox, 96 Tenn., 148, 33 S. W., 914, 34 L. R. A., 824, 832, 54 Am. St. Rep., 823, and Willcox v. Hines, 100 Tenn., 524, 45 S. W., 781, 66 Am. St. Rep., 761, ''relate to defects of which the tenants are ignorant''; hence the Willcox-Hines cases (which are regarded as leading cases in this State on the points therein decided) are not applicable to the case now before us.

In the brief and oral argument on behalf of plaintiff in the instant case, it is insisted that defendant promised to repair the steps, and that, because of this promise, ''the tenant's knowledge of the defect would not defeat his right to recover.''

It is doubtful whether the proof shows that defendant covenanted

with plaintiff that he (defendant) would repair the steps. All of the proof on that subject is contained in two excerpts from plaintiff's testimony, one of which (on his original examination in chief) we have hereinbefore quoted, and the other was on his re-direct examination, which is as follows:

"By Mr. Hooker (for the plaintiff):

"Q. Mr. Talley, you say that when Mr. Curtis put this nail in the steps that he said that he would repair them after that? A. That he would repair them, yes, sir.

. "Mr. Garfinkle: We object to that. I think the witness ought to tell that himself, because I think the record will show he didn't say exactly that.

"Mr. Hooker:

"Q. Well, what did he say, Mr. Talley? A. He said he would have to put in some new steps."

The statement of defendant that, "I will have to put in new steps," made in the circumstances disclosed by the record, imported merely an intention on the part of defendant, rather than a covenant with plaintiff that he would "put in new steps."

█ "Since an offer must be a promise a mere expression of intention or general willingness to do something on the happening of a particular event or in return for something to be received does not amount to an offer." Williston on Contracts, Vol. 1, sec. 26.

█ "The mere expression of an intention or desire is not a promise; the promise is an undertaking to carry the intention into effect." 12 Am. Jurisprudence, page 498, sec. 3.

█ If it should be assumed that, from a fair interpretation of the words used by defendant, a "promise to repair" was intended, such promise was without consideration. There is neither averment nor proof that when the defendant leased the property to plaintiff he covenanted that he would make repairs to the premises demised; hence a subsequent promise to repair, made without a consideration moving from the plaintiff, was a mere nudum pactum. Boyd v. McCarty, 142 Tenn., 670, 673, 674, 676, 222 S. W. 528; Diamond v. Drew, 17 Tenn. App., 488, 491, 68 S. W. (2d), 955.

█ Moreover, there is no averment in plaintiff's declaration of "a promise to repair" made by defendant at any time, and plaintiff could not rely on such promise to repair in order to avoid the consequences of his knowledge of the defect in the steps without appropriate averments thereof in his declaration.

█ "Where a duty will arise by reason of a covenant to repair, it is essential that it is alleged that the undertaking was made with the tenant." 36 C. J., page 251, sec. 971.

█ "In an action by a tenant against his landlord for injuries sustained by defects in the premises, special conditions creating a liability on the part of the landlord, where prima facie that liability

does not exist, must be averred." 16 R. C. L., page 1062, sec. 582; Valin v. Jewell, 88 Conn., 151, 90 A., 36, L. R. A. 1915B, 324; Shindelbeck v. Moon, 32 Ohio St., 264, 30 Am. Rep., 584, 588, 592, 593.

In the brief for plaintiff, much reliance seems to be placed upon the opinion in Gary v. Spitler, 10 Tenn. App., 34. We think the facts of the instant case bring it more nearly within the rulings in Louden v. Cline, 8 Tenn. Civ. App., 272, and Hamilton v. Moore, 14 Tenn. App., 584.

In Louden v. Cline, supra, there was no "promise to repair." In that case, the Court, speaking through Special Justice A. W. Chambliss, said:

"It is insisted by counsel for defendants in error that even if Mrs. Cline had known or had reason to know of the defective condition of the steps prior to the accident 'that she had called same to the attention of the plaintiff in error Louden and had been told by him that the steps were all right and to go ahead and use them.' It is true that the record does show, as already stated, that these tenants had called the attention of the landlord to the condition of these steps from time to time, and that he had, according to the testimony of the defendants in error, when asked to have them repaired, told them 'they are all right, make out the best you can until times get better; times are so hard.' It is well recognized that there is no obligation on the part of a landlord to make repairs unless they are called for by some special contract and there was therefore no actionable negligence in his failure to do so in response to these requests; and on the other hand this evidence only serves all the more conclusively to cut off the right of recovery of Mrs. Cline and her husband, who are thereby shown to have so fully and clearly known of and appreciated the defective condition of these steps, which they nevertheless continued to assume the risk of using.

"In view of the rule laid down in the authority above referred to, the judgment below must be reversed and the case dismissed."

In Hamilton v. Moore, supra, the landlord had covenanted to keep the premises in repair, but, notwithstanding this covenant, the trial court sustained defendant's motion for peremptory instructions and dismissed the plaintiff's suit, and this judgment was affirmed by the Court of Appeals and certiorari was denied by the Supreme Court. In concluding its opinion, the Court of Appeals, speaking through Judge DeWitt, said:

"In the instant case there was evidence that the landlord covenanted in the lease to put and keep the premises in repair—so that the promise to repair was not nudum pactum. But the lease was from week to week, so that the tenant could vacate promptly upon the breach. Instead, she remained in the house for about six weeks after the first promise was made. The defect in the steps and the danger from injury therefrom were well known to her and yet she made con-

stant use of the steps. The defect and danger were far more obvious than that appearing in the Gary case. The plaintiff chose to remain in the house and take the risk of injury until the promise to repair should be performed. The law does not make the landlord an insurer to the tenant. Schmalzried v. White, 97 Tenn., 36, 36 S. W., 393 [32 L. R. A., 782]. The rule of the Willcox cases that the tenant must exercise reasonable care and diligence or he cannot recover, has not been abrogated. A tenant cannot assume a known serious risk from defects in the premises and expect to recover damages from the landlord because his promise to repair had not been performed. The rule of liability for failure to repair applied in Cotton Press and Storage Co. v. Miller, 135 Tenn., 187, 186 S. W., 87 [L. R. A. 1916F, 1137], and Savings Bank v. Vance, 7 Higgins, 383, is not applicable here, for in those cases the persons injured were not guilty of negligence. In this case we must hold that the plaintiff's negligence in using steps known to be dangerous barred any right of action for her injuries. The judgment of the circuit court is affirmed at the cost of the plaintiff.''

 For the reasons stated by the Trial Judge (hereinbefore mentioned), the plaintiff's assignments of error are overruled, and the judgment of the Circuit Court dismissing plaintiff's suit at his cost is affirmed, and a judgment will be entered accordingly.

The costs of the cause, including the costs of the appeal, will be adjudged against the plaintiff, W. H. Talley.

Crownover and Felts, JJ., concur.