# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

MARILYN MORGAN,                    )
                                   )
    Plaintiff/Appellant,       )  **Shelby Circuit No. 57118 T.D.**
                                   )
VS.                                )  **Appeal No. 02A01-9604-CV-00072**
                                   )
VELMA McCRORY,                     )
                                   )
    Defendant/Appellee.        )

**FILED**

**May 20, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
## AT MEMPHIS, TENNESSEE
## THE HONORABLE ROBERT A. LANIER, JUDGE

**COREY B. TROTZ**
Memphis, Tennessee
Attorney for Appellant

**LOUIS F. ALLEN**
**ROBERT B. C. HALE**
**WARING COX, PLC**
Memphis, Tennessee
Attorneys for Appellee

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**HOLLY KIRBY LILLARD, J.**

    In this slip and fall case, Marilyn Morgan ("Plaintiff") filed suit against Velma McCrory

("Defendant") for injuries sustained from a fall at Defendant's apartment. The trial court granted the Defendant's motion for a directed verdict at the close of Plaintiff's proof holding that Plaintiff's negligence was at least equal to that of the Defendant because the Plaintiff failed to traverse an alternative "unobstructed, normal pathway which would have been only slightly a few feet further out of her way than the other direction." Plaintiff appeals the judgment of the court below arguing that the trial court erred in granting the Defendant's motion for a directed verdict. For the reasons stated hereafter, we affirm the judgment of the trial court.

**FACTS**

In the fall of 1989, Plaintiff entered into an oral agreement with the Defendant whereby Plaintiff agreed to rent an apartment located at the rear of 893 South Cooper Street in Memphis, Tennessee from the Defendant for $215.00 per month on a month to month basis.

After living in the apartment for two or three weeks, Plaintiff noticed the cracked condition of the driveway. Upon living in the apartment for eight to ten months, Plaintiff complained to the Defendant about the driveway's dilapidated condition. Receiving no response from the Defendant, Plaintiff complained another five or six times about the condition of the driveway. Defendant, however, never repaired the driveway.

On October 19, 1992 at approximately 7:00 a.m., Plaintiff pulled her garbage cart to the curb of Cooper Street without incident. On her return trip from the curb to her apartment, Plaintiff "hung" her right foot on a raised piece of concrete and fell breaking her right arm. Plaintiff testified that the raised concrete was approximately two to three inches high. Noting the driveway's cracked condition, Plaintiff stated that on the day in question she "was walking, watching, being as careful as I could" but that she was unable to avoid the fall. Plaintiff further testified that walking on the driveway was like walking on a "land mine."

2

Although the driveway was the shortest route from Plaintiff's apartment to Cooper Street, Plaintiff admitted that an alternate pathway existed leading from Cooper Street to her apartment. The walkway led from Cooper Street through the front yard, to a gate at the side yard, through the backyard and around to Plaintiff's apartment.

**LAW**

The sole issue before this Court is whether the trial court erred in granting the Defendant's motion for a directed verdict at the close of Plaintiff's proof.

The rule in determining a motion for directed verdict requires the trial judge and the reviewing court on appeal to look to all of the evidence, take the strongest legitimate view of it in favor of the opponent of the motion, and allow all reasonable inferences from it in his favor. Beske v. Opryland USA, Inc., 923 S.W.2d 544, 545 (Tenn. Ct. App. 1996); Dobson v. Short, 929 S.W.2d 347, 349-50 (Tenn. Ct. App. 1996); Wadlington v. Miles, Inc., 922 S.W.2d 520, 522 (Tenn. Ct. App. 1995); Bills v. Lindsay, 909 S.W.2d 434, 438 (Tenn. Ct. App. 1993); Daniels v. White Consolidated Indus., Inc., 692 S.W.2d 422, 424 (Tenn. Ct. App. 1985). The court must discard all countervailing evidence, and if there is then any dispute as to any material determinative evidence, or any doubt as to the conclusion to be drawn from the whole evidence, the motion must be denied. Wharton v. Transport Corp. v. Bridges, 606 S.W.2d 521, 525 (Tenn. 1980); Crosslin v. Alsup, 594 S.W.2d 379, 380 (Tenn. 1980); Holmes v. Wilson, 551 S.W.2d 682, 685 (Tenn. 1977) Beske, 923 S.W.2d at 545; Dobson, 929 S.W.2d at 349-50; Bills, 909 S.W.2d at 438; Flynn v. Shoney's, Inc., 850 S.W.2d 458, 459-50 (Tenn. Ct. App. 1992); Tennessee Farmers Mut. Ins. Co. v. Hinson, 651 S.W.2d 235 (Tenn. Ct. App. 1983).

Under the doctrine of comparative negligence as adopted in Tennessee, a plaintiff who is at least fifty percent negligent is barred from recovery. McIntyre v. Balentine, 833 S.W.2d 52, 57 (Tenn. 1992). In Perez v. McConkey, 872 S.W.2d 897 (Tenn. 1994), our Supreme Court held that issues involving implied assumption of the risk should be

3

analyzed under the principles of comparative fault. The Court explained that:

> Attention should be focused on whether a reasonably prudent person in the exercise of due care knew of the risk, or should have known of it, and thereafter confronted the risk; and whether such a person would have behaved in the manner in which the plaintiff acted in light of all the surrounding circumstances, including the confronted risk.

Id. at 905.

In Manes v. Hines & McNair Hotels, 197 S.W.2d 889 (Tenn. 1946), plaintiff and her husband rented a room in an apartment building for twelve dollars per month. Approximately four feet from the door of plaintiff's room, there was a wet spot on the floor caused by water dripping from an overhead hot water pipe. On November 3, 1943, plaintiff came out of her room, closed the door, took two or three steps and then slipped and fell on the puddle of water in the floor suffering a broken hip. Plaintiff testified that she knew about the water accumulation for many months and that she passed by it several times a day. Noting that plaintiff knew about the water dripping and standing on the floor for many months, the court held that plaintiff's negligence barred her recovery as a matter of law. Id. at 891.

In Merritt v. Carr, 621 S.W.2d 740 (Tenn. Ct. App. 1980), plaintiff operated a dairy farm for the defendant. Plaintiff knew of two open drains in a holding pen and suggested that defendant provide covers for the drains to prevent injury to a cow from stepping in the open drains. Defendant did not provide the covers, and plaintiff continued to use the pen with the open drains. This Court held that the plaintiff's knowledge of the danger was equal to or greater than that of the defendant and that continued use of the pen after recognizing the danger precluded recovery for plaintiff's injuries when a cow stepped in the open drain and fell on him. In affirming a directed verdict for the defendant, this Court stated:

> The Plaintiff not only knew of the defects about which he complains but appreciated the dangers connected therewith as fully, if not more so, than anyone else and with this knowledge he voluntarily entered the holding pen with the herd of cattle.

Id. at 745.

In Hamilton v. Moore, 14 Tenn.App. 584 (1932), plaintiff rented a house from the

4

defendant on a week to week basis. Plaintiff slipped and fell with the breaking of one of the rear outside steps leading to the house. Plaintiff complained to the defendant two months prior to the accident, and defendant promised to have the steps repaired. In affirming the trial court's grant of a directed verdict for the defendant, this Court stated that:

> [T]he lease was from week to week, so that the tenant could vacate promptly upon the breach. Instead, [plaintiff] remained in the house for about six weeks after the first promise [to repair] was made. The defect in the steps and the danger from injury therefrom were well known to her and yet she made constant use of the steps. . . .The plaintiff chose to remain in the house and take the risk of injury until the promise to repair should be performed. The law does not make the landlord an insurer to the tenant.

Id. at 586.

In Talley v. Curtis, 129 S.W.2d 1099 (Tenn. Ct. App. 1939), plaintiff fell and was injured while descending a flight of four steps which led from a side porch to the ground. At the time of his injury, plaintiff had been occupying the house in question as a month to month tenant of the defendant for approximately three years and ten months. Having inspected the steps approximately four months before plaintiff's fall, plaintiff and defendant knew of the defective condition of the steps. Although defendant had stated that he would have to install new steps, the defendant did not repair the steps, and plaintiff continued to use the steps on a daily basis. In affirming the trial court's dismissal of plaintiff's suit, this court stated:

> A tenant cannot assume a known serious risk from defects in the premises and expect to recover damages from the landlord because his promise to repair had not been performed. . . . In this case we must hold that the plaintiff's negligence in using steps known to be dangerous barred any right of action for her injuries.

Id. at 1103.

In Cummings v. City of Memphis, No. 02A01-9506-CV-00122, 1996 WL 544366 (Tenn. Ct. App. Sept. 25, 1996), a case similar to the case at bar, the defendant, City of Memphis, and the defendant, White Contracting, Inc., entered into a contract to renovate Ontario Street, the street on which plaintiff resided. As a result of the construction, plaintiff and her neighbors' yards were "all torn up" for a period of several months. While

5

attempting to find a construction manager to assist in clearing a path to her driveway, plaintiff chose to walk through a pile of debris consisting of pipes, wire and bricks in order to avoid walking through a muddy area. Plaintiff fell when her foot slipped on some pipes. In noting that there were other alternative paths that the plaintiff could have chosen, this Court held that the plaintiff was at least fifty percent negligent and was thereby precluded from recovery. Id. at *2.

In the present case, it was uncontroverted that the driveway leading from Plaintiff's apartment to Cooper Street was cracked and in poor condition. Plaintiff noticed the cracked condition of the driveway during the fall of 1989, three years before her accident. Plaintiff complained to the Defendant about the cracked driveway on at least six prior occasions, and Plaintiff stated that walking on the driveway was like walking on a "land mine." Plaintiff admitted that there was an alternative path she could have taken, even though it was less convenient.

Because Plaintiff knew and appreciated the dangers associated with the cracked condition of the driveway and because Plaintiff admitted that there was an alternative route she could have taken, the trial court did not err in directing a verdict in favor of the Defendant.

The judgment of the trial court is hereby affirmed. Costs on appeal are taxed to Appellant for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____
FARMER, J.

6

_____
LILLARD, J.