LUCILLE BESKE,                          )
                                        )
          Plaintiff/Appellee,           )
                                        )     Davidson Circuit
                                        )     No. 91C-1809
VS.                                     )
                                        )     Appeal No.
                                        )     01-A-01-9510-CV-00435
OPRYLAND USA, INC.,                     )
                                        )
          Defendant/Appellant.          )

FILED

February 7, 1996

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE SIXTH CIRCUIT COURT OF DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


HONORABLE THOMAS W. BROTHERS, JUDGE


Tracy Shaw
HOWELL & FISHER
Court Square Building
300 James Robertson Parkway
Nashville, Tennessee  37201-1107

Larry D. Ashworth
ASHWORTH & HIGH
1st Floor, 227 Second Ave., N.
Nashville, Tennessee  37201-1636
ATTORNEYS FOR PLAINTIFF/APPELLEE


Dianna Baker Shew
FARRIS, WARFIELD & KANADAY
Nineteenth Floor
SunTrust Center
424 Church Street
Nashville, Tennessee  37219
ATTORNEY FOR DEFENDANT/APPELLANT


AFFIRMED AND REMANDED

                              HENRY F. TODD
                              PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

LUCILLE BESKE,                 )
                       )
      Plaintiff/Appellee,     )
                       )     Davidson Circuit
                       )     No. 91C-1809
VS.                    )
                       )     Appeal No.
                       )     01-A-01-9510-CV-00435
OPRYLAND USA, INC.,     )
                       )
      Defendant/Appellant.   )

O P I N I O N

The defendant, Opryland USA, Inc., has appealed from a judgment in favor of the plaintiff, Lucille Beske in the amount of $125,000 for personal injuries sustained in a fall on the premises of defendant. The jury awarded plaintiff $200,000, but the Trial Judge suggested a remittitur of $75,000 which was accepted by the plaintiff without protest. The Trial Judge also awarded plaintiff judgment for $1,404.50 discretionary costs.

The defendant has presented four issues for review, of which the first is:

> I.     The Trial Court erred in denying Opryland USA, Inc.'s motion for a judgment in accordance with its motion for a directed verdict because there was no material evidence to support the jury's verdict.

In reviewing the denial of a directed verdict, this Court is required to review the evidentiary record to determine whether it contains evidence of facts which would support a verdict by a jury. *Lazy Seven Coal Sales, Inc. v. Stone & Hines, P.C.*, Tenn. 1991, 813 S.W.2d 400. If, taking the strongest legitimate view of all the evidence in favor of the opponent of the motion and disregarding all contrary evidence, a reasonable mind would be required to conclude the issues in favor of the movant, the motion should be sustained. *Holmes v. Wilson,* Tenn. 1977, 551 S.W.2d 682; *Flynn v. Shoney's, Inc.,* Tenn. App. 1992, 850 S.W.2d 458.

In a premises liability case, the plaintiff must show a hazardous condition which was created by the defendant, or of which the defendant had actual or constructive notice.

Constructive notice may be shown by the existence of the hazard for such time or under such circumstances that reasonable care on the part of defendant would have revealed the hazard to defendant. *Paradiso v. Kroger Co.,* Tenn. App. 1973, 499 S.W.2d 78; *Allison v. Blount National Bank,* 54 Tenn. App. 359, 390 S.W.2d 716 (1965); *Gargaro v. Kroger Grocery & Baking Co.,* 22 Tenn. App. 70, 118 S.W.2d 561 (1938).

At the trial, no evidence was presented to show that defendant created or had actual notice of the hazard. The evidence to show constructive notice was as follows:

The plaintiff fell on defendant's premises when passing through one of two turnstiles at the entrance of a train station. Passengers boarding the train were required to pass through one of the turnstiles which counted the number of passengers. The counters were read hourly by one of defendant's employees. There was no attendant at the turnstile where plaintiff fell. At the time of the fall there was a rush of passengers toward the train. Passengers were not permitted to carry liquid refreshment aboard the train, hence refreshments were discarded before entering the train. Some refreshments were not placed in receptacles but were simply thrown on the ground or walkway. Management was aware that spilled beverages were a common occurrence at the entrance to the turnstiles. The surface where plaintiff fell was of poured concrete which could be slick when wet. Some of the spilled beverages were "cleaned up" by spreading with a broom to accelerate drying. If nearby employees were too busy they did not clean up the spill. As plaintiff passed through the turnstile, it was crowded, she did see water on the pavement, but she fell at that point, and felt ice cold water on the pavement as she lay on the pavement after her fall.

Defendant cites *Jones v. Zayre, Inc.,* Tenn. App. 1980, 600 S.W.2d 730, wherein, after plaintiff fell, she saw a plastic clothes clip nearby which she theorized had caused her fall. This Court affirmed a directed verdict for the defendant for lack of proof of how long the clothes clip had been on the floor. In the present case, there is evidence of the recurrent

problem of discarded beverages in the area and of the failure of defendant to reasonably monitor this recurrent dangerous condition.

In *Hale v. Blue Boar Cafeteria Co., Inc.,* unpublished, Tenn. App. WS Feb. 21, 1980, this Court reversed a directed verdict for the defendant where plaintiff slipped and fell in an area where patrons regularly spilled liquids on the floor.

In *Bledsoe v. Delta Refining Co.,* unpublished, Tenn. App. WS Nov. 4, 1983, a patron slipped and fell on the pavement of a self-service petroleum facility where patrons regularly spilled petroleum on the pavement. This Court held that the operator of such a facility must exercise due care to protect its patrons from hazards created by other patrons as a result of the self service manner of operation. The cause was remanded for trial upon the principles stated in the opinion.

In *Stroming v. Houston's Restaurant, Inc.,* unpublished, Tenn. App. MS, Nov. 23, 1994, No. 01-A-01-9304-CV-00189, LEXIS 670, this Court affirmed a directed verdict where the fall occurred in the vicinity of a depression in a parking lot, but no evidence that the fall was caused by the depression.

In *Barrett v. Red Food Stores,* unpublished, Tenn. App. MS Feb. 26, 1992, No. 01-A-01-9108-CV-302, LEXIS 196, the plaintiff slipped in water which regularly dripped from ice cream while being placed in a display case. This Court affirmed a verdict for the plaintiff on the "common occurrence" theory. In the present case, there is evidence that the spillage of beverages in the area was a common occurrence of which the defendant had constructive notice. Defendant argues that plaintiff did not prove that her fall was caused by discarded beverage. The jury heard evidence from which it was reasonable for them to infer that the fall was caused by the discarded beverages of which defendant had constructive knowledge and as to which defendant did not exercise reasonable precautions for the safety of patrons.

-4-

No reversible error is found in defendant's first issue.

Defendant's second issue is stated as follows:

II.    As an alternative to a directed verdict, Opryland USA, Inc. is entitled to a new trial because the Trial Judge did not approve the jury's verdict.

The basis of this issue is the oral comment of the Trial Judge during the hearing on defendant's motion for a new trial as follows:

Motion for a new trial, I have independently evaluated all of the evidence, and I do not find the evidence preponderates against the jury's verdict. It's a question of whether or not there was -- part of this case has been dismissed by summary judgment on the limited issue and going to the -- presented to the jury. I think it was accurately -- it was disputed -- it was just disputed factual evidence, and I cannot find the evidence preponderates against it, so I must respectfully deny the motion for new trial. [Emphasis supplied.]

Defendant relies upon the emphasized portion of the above quotation to show that the Trial Judge failed to properly exercise his function as thirteenth juror. Ideally, a verbal approval of a verdict by the Trial Judge should be in the form of, "I approve the verdict," or "I join in the verdict," or "the verdict is supported by a preponderance of the evidence." However, in *James E. Strates Shows v. Jakobik,* Tenn. 1977, 554 S.W.2d 613, the Supreme Court said:

[I]t is the duty of the Trial Judge to weight the evidence and determine whether it preponderates against the verdict . . . .

In the light of the quoted authority, the oral statement of the Trial Judge does not evidence any reversible failure on his part. There is no evidence that he was dissatisfied with the verdict as mentioned in *Miller v. Doe,* Tenn. App. 1993, 873 S.W.2d 346 or *Sherlin v. Roberson,* Tenn. App. 1976, 551 S.W.2d 700.

Defendant's third issue is presented as follows:

III.    The Trial Court erred in ordering an insufficient remittitur which resulted in an award of damages beyond the range of reasonableness.

As stated above, the Trial Judge suggested (not ordered) a remittitur of $75,000 of the $200,000 verdict. The plaintiff insists that the remittitur, which was made by plaintiff without protest, should be restored by this Court.

T.C.A. Section 20-10-102 provides as follows:

> **Remittitur. -** (a) In all jury trials had in civil actions, after the verdict has been rendered, and on motion for a new trial, when the trial judge is of the opinion that the verdict in favor of a party should be reduced, and a remittitur is <u>suggested</u> by the trial judge on that account, with the provision that in case the party in whose favor the verdict has been rendered refuses to make the remittitur a new trial will be awarded, the party in whose favor such verdict has been rendered may make such remittitur <u>under protest,</u> and appeal from the action of the trial judge to the court of appeals.
>
> (b) The court of appeals shall review the action of the trial court <u>suggesting</u> a remittitur using the standard of review provided for in Rule 13(d) of the Tennessee Rules of Appellate Procedure applicable to decisions of the trial court sitting without a jury. If, in the opinion of the court of appeals, the verdict of the jury should not have been reduced, but the judgment of the trial court is correct in other respects, the case shall be reversed to that extent, and judgment shall be rendered in the court of appeals for the full amount originally awarded by the jury in the trial court. [Emphasis supplied.]

Since the plaintiff did not make the suggested remittitur <u>under protest</u> as required by the statute, it is doubtful that the plaintiff has standing to request restoration of the remitted portion of the verdict.

There is evidence that plaintiff's medical expenses were $12,300.59; that she suffered a cracked tooth and a complicated fracture of the patella of her right knee, requiring initial surgery and nine days hospitalization, a second surgery, and extensive and painful physical therapy. There is also evidence that, five years after the fall, plaintiff continues to suffer pain in her knee, wear a brace, require assistance on stairs, and be unable to continue her former activities of hiking, travel and volunteer hospital work. A doctor's notes refer to plaintiff as "a very pleasant 72 year old woman." No other evidence is cited or found as to the age or

life expectancy of the plaintiff. The Trial Judge and jury had an opportunity to form impressions from actual observation of plaintiff. This Court, of course, does not have such an opportunity.

In the light of the foregoing, this Court concludes that the evidence does not preponderate against suggested remittitur and that the amount of the verdict, as reduced by remittitur, is supported by substantial and material evidence.

Defendant's request for discretionary costs is denied.

The judgment of the Trial Court is affirmed. Costs of this appeal are adjudged against the defendant. The cause is remanded to the Trial Court for necessary further proceedings.

Affirmed and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE