IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 6, 2006 Session

## CARRIE DENNING NOLLEY v. PAUL EICHEL, ET AL.

Appeal from the Circuit Court for Davidson County
No. 04C-2773    Barbara Haynes, Judge

No. M2006-00879-COA-R3-CV - Filed on April 2, 2007

Bar patron filed a negligence action against bar owners for injuries sustained when she slipped and cut her hand on a broken beer bottle.  Defendants filed a motion for summary judgment which the trial court granted finding that Plaintiff failed to establish that Defendants had actual or constructive notice of the dangerous condition.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

H. Thomas Parsons, Manchester, Tennessee; James Edwards, Madison, Tennessee, for the appellant, Carrie Denning Nolley.

Richard E. Spicer, Nashville, Tennessee, for the appellees, Pat Patton and Eight Tracks Management Co., LLC.

### OPINION

On November 29, 2003, Ms. Carrie Nolley and her friend, Ms. Tina Hesson, decided to meet two other friends at Silverado Dance Hall and Saloon ("Silverado") in Davidson County, Tennessee.  Ms. Nolley claimed that they arrived at Silverado sometime after 11:00 pm and sat at a table close to the bar.  Ms. Nolley thereafter began dancing at the table because the dance floor was too crowded.  However while dancing, Ms. Nolley allegedly slipped on some unknown substance.  When Ms. Nolley attempted to break her fall, her left hand landed on a broken beer bottle which resulted in a severe cut.  Ms. Nolley did not notice the broken bottle prior to the incident nor the substance which allegedly caused her to fall.

On September 23, 2004, Ms. Nolley filed a negligence action against the owners of Silverado alleging that Defendants owed their patrons a duty of care to protect against dangerous conditions and that Defendants breached that duty by negligently allowing a broken beer bottle to remain on the

floor. On February 20, 2006, Defendants filed a motion for summary judgment arguing in support thereof that there was no actual or constructive notice of the allegedly dangerous condition. The trial court granted Defendants' motion on April 18, 2006. Plaintiff appeals.

Summary judgment should be granted only where the "pleadings, depositions, answer to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn.R.Civ.P. 56.04. "In determining whether or not a genuine issue of material fact exists for purposes of summary judgment, ... the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn.1993). If the moving party makes a properly supported motion, "the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact." *Blair v. West Town Mall*, 130 S.W.3d 761, 767 (Tenn.2004). The standard of review for a grant of summary judgment is *de novo* upon the record with no presumption that the trial court's conclusions were correct. *Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn.2000).

Plaintiff's sole contention on appeal is that the trial court erred in dismissing her negligence claim against Defendants. The elements of a negligence claim are well established: a plaintiff must prove (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation. *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn.1998). Plaintiff's failure to demonstrate any of these necessary elements entitles Defendants to summary judgment. *Doe v. Linder Constr. Co., Inc.*, 845 S.W.2d 173, 183 (Tenn.1992).

"[P]remises owners have a duty to use reasonable care to protect their customers from unreasonable risks of harm. This duty includes maintaining the premises in a reasonably safe condition either by removing or repairing potentially dangerous conditions or by helping customers and guests avoid injury by warning them of the existence of dangerous conditions that cannot, as a practical matter, be removed or repaired." *Psillas v. Home Depot, U.S.A., Inc.*, 66 S.W.3d 860, 864 (Tenn.Ct.App.2001) (citations omitted). However, "[i]n order for an owner or operator of premises to be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, the plaintiff must prove, in addition to the elements of negligence, that (1) the condition was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." *Blair*, 130 S.W.3d at 764.

A vital element of proof upon which Plaintiff bears the burden is simply missing in this case. Plaintiff testified:

> Q. Do you know what kind of liquid you fell in?
> A. I have no idea.
> Q. Did it smell like beer or alcohol or water?

A. I didn't smell it. I have no idea.

Q. Do you know if anybody knows what kind of liquid it was? Did you talk to anybody?

A. Yeah. Nobody knew.

Q. Do you know how the liquid got there?

A. I have no idea.

Q. You don't know who put it there?

A. I have no idea, no, sir.

Q. How long had it been there?

A. I have no idea.

Q. Do you know if anybody from the bar put it there?

A. I don't know.

Q. Do you know if anybody from the bar or employees knew it was there?

A. I don't know.

Q. Do you know of anybody that does know?

A. No.

Q. Do you know if it was somebody -- a drink somebody spilled versus something breaking, or you just have no idea?

A. I have no idea. I just know it was a broken beer bottle that I happened to fall on.

Q. How did the beer bottle get there?

A. I have no idea.

Q. You don't know who put it there?

A. No.

Q. Do you know how long it had been there?

A. No.

Q. Do you know if the bar put it there or knew it was there?

A. No.

Q. Do you know if anybody knows how long or how the beer bottle got there?

A. No.

There is no other proof of any kind in the record bearing on the length of time that the offending condition existed prior to the accident. This Court has held:

> Where there is a complete absence of proof as to when and how the dangerous condition came about, it would be improper to permit the jury to speculate on these vital elements. *Ogle v. Winn-Dixie Greenville, Inc.* 919 S.W.2d 45, 47 (Tenn.App.1995); *Paradiso v. Kroger Co.*, 499 S.W.2d 78 (Tenn.App.1973); *Chambliss v. Shoney's, Inc.*, 742 S.W.2d 271 (Tenn.App.1987). A plaintiff must submit proof as to how long the allegedly dangerous condition existed prior to the accident. *Jones v. Zayre*, 600 S.W.2d 730, 732 (Tenn.App.1980); *Worsham v. Pilot Oil Corp.*, 728 S.W.2d 19, 20 (Tenn.App.1987). Plaintiffs presented no proof that Defendant created the allegedly dangerous condition. Furthermore, there has been

no proof that Defendant had either actual or constructive knowledge of the condition prior to Mrs. Hardesty's fall; Hardesty acknowledged that she did not know when the offending bed rail had been pulled out.

In order to establish a *prima facie* case of negligence for a slip-and-fall case, the law requires that the defendant create the dangerous condition or know about it prior to the accident in question. If a plaintiff cannot prove that defendant either created the condition or had actual knowledge of it, the plaintiff must prove, in order to prevail, that defendant had constructive knowledge of the hazard. In order to establish constructive knowledge, the plaintiff must present proof as to the length of time that the dangerous condition existed. *Self*, at 339. In this case, Plaintiffs presented no proof as to how long before the accident the bed rail had protruded into the aisle. In failing to do so, Plaintiffs failed to establish the essential element of constructive knowledge, and consequently, Plaintiffs cannot establish a *prima facie* case of negligence.

*Hardesty v. Serv. Merchandise Co., Inc.*, 953 S.W.2d 678, 683 (Tenn.Ct.App.1997).

However, Plaintiff argues that although Defendants did not create the dangerous condition, they had constructive notice of the condition prior to Ms. Nolley's accident. "[C]onstructive notice can be established by proof that the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of the condition." *Blair*, 130 S.W.3d at 764. However, the Tennessee Supreme Court has held that a plaintiff may also prove constructive notice by showing "a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence." *Blair*, 130 S.W.3d at 765. Therefore, "when a dangerous condition occurs regularly, the premises owner is on constructive notice of the condition's existence" and the premises owner has a duty "to take reasonable steps to remedy this commonly occurring dangerous condition." *Blair*, 130 S.W.3d at 766. The Court explained that "[a]llowing plaintiffs to prove constructive notice in this manner relieves plaintiffs of the difficult burden of showing the duration of a particular occurrence". *Blair*, 130 S.W.3d at 766. In reliance on *Blair*, Plaintiff contends that Silverado's policy which allowed patrons free unlimited beer until 11:00 pm after the payment of a cover charge, encouraged inebriation and resulted in a recurring pattern of bottles being dropped and broken on the establishment's floor, providing Defendants with constructive notice of the dangerous condition.

In order to determine whether Defendants had constructive notice, we must decide whether the presence of broken beer bottles on Silverado's floor was "a pattern of conduct, a recurring incident, or a general or continuing condition" indicating the existence of a dangerous condition. Mr. Matthew Crawford, an employee at Silverado who was charged with the duty to keep the bar stocked, testified to seeing broken beer bottles on the establishment's floor multiple times.

Q. ...In the length of time you've been [at Silverado], have you ever seen a beer bottle broken on the floor?

-4-

A.    Absolutely.
Q.    How many times?
A.    Multiple times, and I've cleaned them up.

Mr. John Knight, general manager of Silverado, testified that he recalled other patrons who had injured themselves on broken glass left on the floor during his tenure at Silverado.

Q.    Have you ever had anybody else fall on broken glass in this restaurant or bar
       or nightclub?
A.    As long as I've been there?
Q.    Yeah.
A.    I can only remember maybe a couple of incidents.
Q.    Where has it happened before?
A.    Not fallen or maybe – a lady cut her foot because she wasn't wearing shoes
       on the dance floor once.
Q.    Okay.
A.    So – but over the seven or eight years, maybe a couple of incidents.

The court has had the opportunity to address what constitutes a continuing condition for purposes of constructive notice. In *Beske v. Opryland USA, Inc.*, 923 S.W.2d 544, 546 (Tenn.Ct.App.1996), plaintiff slipped on a beverage spilled at the entrance to a turnstile in a theme park. Management was aware that spilled beverages were a common occurrence at the entrance to the turnstile because passengers were not permitted to carry liquids aboard the train and hence, refreshments were discarded before entering the train. *Beske*, 923 S.W.2d at 546. Some of the refreshments, however, were not placed in receptacles but rather, were thrown on the ground. *Beske*, 923 S.W.2d at 546. The court affirmed the jury's verdict in favor of plaintiff deciding that there was material evidence to support the jury's finding that the patrons' pattern of throwing drinks on the ground before the turnstile placed defendant on constructive notice of the dangerous condition. *Beske*, 923 S.W.2d at 546.

In *Barrett v. Red Food Stores, Inc.*, No. 01-A-019108CV00302, 1992 WL 33891, at *1 (Tenn.Ct.App. Feb. 26, 1992), a grocery store patron slipped and fell on water left on the floor by an ice cream vendor. The store manager testified that he was aware that there may have been water left on the floor at the time of plaintiff's injury because each time ice cream was delivered, water would accumulate on the floor. *Barrett*, 1992 WL 33891, at *3-4. The court held that because the spilling of water happened or was expected to happen each time the ice cream vendor made deliveries, plaintiff established that defendant had constructive notice of the dangerous condition. *Barrett*, 1992 WL 33891, at *5.

We do not believe that the occurrence of bottles being dropped on Silverado's floor is of such a frequency or regularity as to constitute "a pattern of conduct, a recurring incident, or a general or continuing condition." In *Beske*, patrons spilled refreshments outside the turnstile before the amusement ride on a daily basis. Likewise in *Barrett*, every time ice cream was delivered, water

accumulated on the floor in front of the ice cream freezer door. In both instances, the dangerous condition occurred in the same approximate location and in such a frequent manner, that the happening of the condition was foreseeable by defendants.

In this case, beer bottles were not dropped and broken by patrons nightly, but rather, Mr. Crawford testified to seeing broken bottles "multiple times." There was no evidence in the record that bottles were broken on a regular basis or that bottles were broken in a particularly troublesome location. To the contrary, the general manager testified that Silverado was 11,000 square feet with between four to six hundred patrons visiting the establishment a night. However, in the eight years that Mr. Knight was employed by Silverado, he recalled only a couple incidents where patrons were injured by broken glass.

We find this case closely analogous to *Beard v. SCOA Industr., Inc.*, No. 88-358-II, 1989 WL 60360, at *1 (Tenn.Ct.App. Jun. 7, 1989), where plaintiff slipped on popcorn which defendant sold to customers to eat while walking around the store. The court affirmed the trial court's directed verdict in favor of defendant finding that plaintiff failed to show that the spills were a common or regular occurrence. *Beard*, 1989 WL 60360, at *5. Said the court:

> We hold that the *Blue Boar* rule does not apply in the present case because there is no material evidence that the defendant's method of operation created a hazardous condition. Viewed in the light most favorable to the plaintiff, the record shows that the defendant sold popcorn in the store and allowed customers to eat the popcorn throughout the store and that some popcorn spills had occurred prior to the plaintiff's accident. Unlike in *Blue Boar,* there is no evidence that spills were a common or regular occurrence. Moreover, *Blue Boar* involved liquid accumulating on the floor of a heavily trafficked area. The facts of this case do not present the level of unsafety or the regularity of recurrence evident in *Blue Boar.* The mere possibility of occasional popcorn spills is not enough to indicate that the defendant's method of operation created a hazardous condition.

*Beard*, 1989 WL 60360, at *5.

*See also Whitley v. Marshalls of MA., Inc.*, No. W2005-01543-COA-R3-CV, 2006 WL 1865035 (Tenn.Ct.App. Jul. 5, 2006).

Accordingly, we find that Plaintiff failed to show that Defendants had either actual or constructive notice of the allegedly defective condition.

In closing, we would note that Special Judge Summers, concurring in *Hardesty*, invited the Supreme Court to revisit this area of law claiming that the rule places an "insurmountable burden" upon the injured plaintiff. 953 S.W.2d at 678. The Supreme Court declined the invitation by denying application to appeal. When the same rule was reiterated by this Court in *Psillas*, 66 S.W.3d 860, the Supreme Court again denied appeal.

The judgment of the trial court is affirmed.  The costs of appeal are assessed against Plaintiff.

_____
WILLIAM B. CAIN, JUDGE