File Name: 05a0902n.06
Filed: November 16, 2005

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 04-5712

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ALAN R. TINSLEY,

     *Plaintiff-Appellant*,

v.

WAL-MART STORES, INC.,

     *Defendant-Appellee*.

On Appeal from the United States
District Court for the Eastern
District of Tennessee

_____

**BEFORE:    DAUGHTREY and COLE, Circuit Judges; HEYBURN, Chief District
        Judge**[*]

     JOHN G. HEYBURN II, CHIEF DISTRICT JUDGE. Appellant Alan Tinsley ("Tinsley")
sued Appellee Wal-Mart Stores, Inc. ("Wal-Mart"), alleging injuries sustained after falling in a
puddle of clear liquid at a Wal-Mart Super Center. The parties consented to trial by a jury before
the Magistrate Judge. Tinsley appeals the district court's grant of Wal-Mart's motion for judgment.
Because we find an absence of evidence from which a reasonable jury might infer constructive
notice of a recurring dangerous condition, we AFFIRM the district court.

     On September 1, 2001, Tinsley was a customer at the Wal-Mart Supercenter in Alcoa,
Tennessee. Near the end of his shopping trip, Tinsley encountered the store's manager, Boyce

_____

[*] The Honorable John G. Heyburn II, Chief United States District Judge for the Western
District of Kentucky, sitting by designation.

Smith, who asked if he needed anything. In response, Tinsley asked Smith to get him some tobacco.

While Smith went for the tobacco, Tinsley slipped and fell. Smith did not witness Tinsley's fall, but did notice a puddle of clear liquid on the floor where Tinsley fell. Smith was unable to determine the origin of the liquid. Indeed, no evidence suggested the origin of the liquid or the length of time it was present on the floor.

Tinsley alleged that Wal-Mart's negligence caused his slip-and-fall injury. The case was tried to a jury on May 11 and 12, 2004. Following the close of Tinsley's proof, Wal-Mart moved for judgment based upon the insufficiency of the evidence. The district court granted the motion, ruling that under Tennessee premises liability law Tinsley must show at least one of the following: Wal-Mart caused the liquid to be on the floor; Wal-Mart had actual notice that the liquid was on the floor; or Wal-Mart had constructive notice that the liquid was on the floor. Constructive notice, the Court concluded, provided Tinsley's only available theory of liability. The court then concluded that the evidence was insufficient to prove constructive notice because Tinsley could not show that spills regularly occur at the Alcoa Wal-Mart. The district court also said that even evidence of occasional spills at random locations would not provide Wal-Mart with constructive notice of a dangerous condition. This timely appeal followed.

We review the district court's judgment as a matter of law *de novo*. *Snyder v. A.G. Trucking, Inc.*, 57 F.3d 484, 490 (6th Cir. 1995). In these circumstances, we apply the standard of review of the state whose substantive law governs. *Morris v. Wal-Mart Stores, Inc.*, 330 F.3d 854, 857 (6th Cir. 2003). Applying Tennessee law, a trial court "must consider the evidence most favorably for the plaintiff, allow all reasonable inferences in plaintiff's favor and disregard all counteracting

evidence, and, so considered, if there is any material evidence to support a verdict for plaintiff," the motion for a directed verdict must be denied. *Id.* at 858 (quoting *City of Columbia v. C.F.S. Const. Co.*, 557 S.W.2d 734, 740 (Tenn. 1977)).

The negligence standard in Tennessee is not disputed. A plaintiff must prove: "(1) a duty of care owed by defendant to plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *Morris*, 330 F.3d at 858 (quoting *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 894 (Tenn. 1996) (additional citations omitted)). "Liability in premises liability cases stems from superior knowledge of the condition and premises." *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004) (quoting *McCormick v. Waters*, 594 S.W.2d 385, 387 (Tenn. 1980)). Therefore, a business owner breaches the duty of care to customers when a dangerous condition exists that 1) "was caused by the owner, operator, or his agent, or 2) . . . was created by someone other than the owner, operator, or his agent, that the owner had actual or constructive notice that the condition existed prior to the accident." *Blair*, 130 S.W.3d at 764 (citing *Martin v. Washmaster Auto Center, U.S.A.*, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996) (additional citation omitted)).

We agree with the district court that none of the evidence suggests that Wal-Mart (1) caused the liquid to be on the floor, (2) had actual notice of the dangerous condition, or (3) should have known of the condition because it existed for such a lengthy time. Without some evidence of how long the liquid was on the floor, Tinsley cannot show that Wal-Mart should have discovered the dangerous condition through regular inspections. Further, the only evidence concerning floor inspections came from the store manager, who testified that regular inspections were unnecessary

because employees continuously inspect the floors. All store employees are charged with making the sure premises are safe for customers in addition to their regular duties. Thus, as the district court concluded, Tinsley's claim is viable only under the theory of constructive notice.

The general standard for constructive notice of a dangerous condition under Tennessee law is also not in dispute. A plaintiff must show "a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence." *Blair*, 130 S.W.3d at 765-66. If a dangerous condition occurs regularly, the property owner has constructive notice of the dangerous condition's existence. *Id*. at 766. At the very least, Plaintiffs must show that the dangerous condition was "reasonably foreseeable" to the property owner. *Id*. In the absence of such evidence, the proper inquiry is "whether the condition occurs so often that the premises owner is put on constructive notice of its existence." *Id*. at 766. In *Blair*, the Tennessee Supreme Court determined that the plaintiff should be able to attempt to show that the defendant had constructive notice that oil may accumulate in a specified pick-up and drop-off area for vehicles in the parking lot such that the defendant would be liable for plaintiff's slip-and-fall injury. *Id*. at 767.

Tinsley argues that, because spills have occurred at the Alcoa Wal-Mart and are certain to happen there again, a jury should be allowed to determine whether Wal-Mart had constructive notice of this hazard. He argues that the Court should consider the entire floor of Wal-Mart as the relevant location for purposes of this analysis. We believe that the district court correctly rejected this argument. Tinsley must have some evidence that Wal-Mart had constructive notice of repeated spills in the location where Tinsley's accident occurred. Under *Blair* the specific location of the recurring dangerous condition or common occurrence is critical to determining constructive notice

of that condition. The *Blair* court held that the recurrence of a specific dangerous condition must be reasonably foreseeable to the owner. *Blair*, 130 S.W.3d at 765-66. *See also id.* at 767 (in discussing sufficiency of the evidence, court limited "area" to the specific "area in the parking lot where Plaintiff fell"); *Beske v. Opryland USA, Inc.*, 923 S.W.2d 544, 546 (Tenn. Ct. App. 1996) (common occurrences such that they impart constructive knowledge of a dangerous situation were limited to area where common occurrence took place; in this case, customers frequently spilled beverages rather than threw them out near a turnstile). Even assuming that spills generally occur in Wal-Mart with such frequency, Tinsley has no evidence that spills regularly occur where he fell. Therefore, Tinsley cannot show that Wal-Mart had constructive notice of the dangerous condition as defined in *Blair*.

For the foregoing reasons we AFFIRM the district court's granting of judgment as a matter of law in favor of Wal-Mart.