IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 21, 2006 Session

## MARY L. WHITLEY v. MARSHALLS OF MA., INC., THE MARMAXX GROUP, d/b/a MARSHALLS

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002848-02      Karen R. Williams, Judge**

**No. W2005-01543-COA-R3-CV - Filed July 5, 2006**

The trial court awarded Defendant Marshalls summary judgment in this premises liability, slip and fall action. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and HOLLY M. KIRBY, J., joined.

Duke H. Brasfield, Covington, Tennessee, for the appellant, Mary L. Whitley.

James F. Horner, Jr., Memphis, Tennessee, for the appellee, Marshalls of MA., Inc., The Marmaxx Group, d/b/a Marshalls.

### MEMORANDUM OPINION[1]

This is a "slip and fall" premises liability action. On or about May 19, 2001, Plaintiff Mary L. Whitley (Ms. Whitley), then seventy-five years of age, slipped and fell at a retail store owned by Defendant Marshalls of MA., Inc., the Marmaxx Group, d/b/a Marshalls ("Marshalls"). On May 20, 2002, Ms. Whitley filed a complaint in Shelby County Circuit Court alleging severe and painful

---

[1]**RULE 10. MEMORANDUM OPINION**
     This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

permanent injuries to her leg and hip; great physical pain and mental suffering; loss of earnings and impaired future earnings capacity; loss of enjoyment of life; and past and future medical expenses. In her complaint and subsequent deposition, Ms. Whitley alleged that, while shopping at Marshalls, where she had shopped "for years," she slipped and fell on a "silky" full-length black dress that was improperly hung on a four-foot high, thirty-six to forty inch wide, rack of blouses. She alleged that there was no problem with the lighting in the store, but that she did not notice the dress hanging below the other merchandise on the rack. Ms. Whitley alleged that about twelve inches of the bottom of the dress was laying on the tile floor, but that the dress did not extend far enough beyond the circumference of the rack for her to see it. She further alleged that the dress extended perhaps three to four inches beyond the circumference of the rack; that she stepped onto the dress as she circled the rack; and that the dress "slipped [out] with [her] foot," causing her to fall and resulting in injuries to her hip. Ms. Whitley stated that she did not know how long the dress had been hanging on the rack; that she did not ask anyone how long it had been hanging there; that the dress would not have been visible to a person just walking through the store aisles; and that a Marshalls employee moved the dress immediately after Ms. Whitley's fall. Ms. Whitley suffered a fractured hip as a result of the fall.

On March 4, 2005, Marshalls filed a motion for summary judgment and statement of undisputed facts. In its statement of undisputed facts, Marshalls relied on Ms. Whitley's deposition testimony. Ms. Whitley answered Marshalls' motion on April 15, stating, "[t]he Statement of Facts as presented in the Defendant['s] Motion are correct as stated in the deposition of the Plaintiff." However, Ms. Whitley contended that a genuine issue of material fact existed regarding whether Marshalls had constructive notice of the hazardous condition based on the common occurrence theory, and submitted an affidavit in which she stated:

> At the time I fell to the floor I was able to observe other conditions around me. There were coat hangers, tags that had been pulled from garments and garments on the floor in addition to the dress that I had slipped on that there (sic) in the general vicinity of where I fell.

The trial court awarded Marshalls summary judgment on May 24, 2005, and Ms. Whitley filed a timely notice of appeal to this Court. We affirm.

### *Analysis*

Summary judgment is appropriate only when the moving party can demonstrate that there are no disputed issues of material fact, and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party moving for summary judgment must affirmatively negate an essential element of the nonmoving party's claim, or conclusively establish an affirmative defense. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). We review an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

2

There is no dispute in this case that Ms. Whitley slipped and fell on a full-length dress improperly hung on a rack of blouses in Marshalls, or that Ms. Whitley sustained injuries as a result of her fall. Further, Marshalls' does not dispute the facts with respect to the cause of Ms. Whitley's fall as presented by Ms. Whitley. Marshalls asserts, however, that it is entitled to judgment as a matter of law where Ms. Whitley has not demonstrated that Marshalls had either actual or constructive notice of the hazardous condition that resulted in Ms. Whitley's fall and injury. Ms. Whitley, on the other hand, does not assert that a Marshalls' employee created the hazardous condition or that Marshalls had actual knowledge that the dress on which she slipped was improperly hung on a rack of blouses. Rather, she contends the trial court erred in its award of summary judgment where constructive knowledge based on a common occurrence theory is a question of fact for a jury.

The plaintiff in a premises liability case must demonstrate that the defendant created a hazardous condition causing injury, or had actual or constructive notice thereof. *Beske v. Opryland USA, Inc.*, 923 S.W.2d 544, 545-546 (Tenn. Ct. App. 1996). "Constructive notice may be shown by the existence of the hazard for such time or under such circumstances that reasonable care on the part of defendant would have revealed the hazard to defendant." *Id.* at 546. Whether a hazardous condition is a common occurrence of which the defendant may be considered to have constructive notice generally is a question of fact for the jury. *Id.*

In *Beske*, we affirmed a jury verdict in favor of the plaintiff where the plaintiff presented evidence that spilled beverages were a common occurrence in the turnstile entrance to defendant's train station. *Id.* at 546. In that case, we held that defendant had constructive notice of spilled beverages in the area based on the common occurrence theory. *Id.* The evidence in *Beske* demonstrated that management was aware that beverages were often spilled in the turnstile area; that the area was slick when wet; that the spilled beverages were sometimes "cleaned up" by spreading the spill with a broom; and that if employees were busy the spills were not cleaned up at all. *Id.* We additionally held that, although the plaintiff did not see the spilled beverages before she fell, the jury could reasonably infer that plaintiff slipped on spilled beverages based on the evidence in that case. *Id.*

In the present case, Ms. Whitley simply fails to present any evidence that garments are regularly improperly hung on racks resulting in a hazardous condition at Marshalls. Although Ms. Whitley stated in her affidavit that she observed hangers, tags, and garments laying on the floor in Marshalls, no object visibly laying on the floor caused Ms. Whitley's fall. Rather, Ms. Whitley slipped on an improperly hung garment that was not visible from the aisles, and Ms. Whitley did not state that she observed other garments improperly hung on racks at Marshalls either on the day of her fall or at any other time.

We are not insensitive to Ms. Whitley's injuries. However, unlike the plaintiff in *Beske*, who demonstrated that spilled beverages were a regular occurrence at defendant's premises, Ms. Whitley has presented no evidence that improperly hung garments creating a hazardous condition are a

3

common occurrence at Marshalls such that Marshalls had constructive notice of a hazardous condition in this case.

## *Holding*

In light of the foregoing, summary judgment in favor of Defendant Marshalls is affirmed. Costs of this appeal are taxed to Appellant Mary L. Whitley, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

4