**NOT RECOMMENDED FOR PUBLICATION**
File Name: 11a0279n.06

**No. 09-4123**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED**<br><br>***Apr 29, 2011***<br><br>LEONARD GREEN, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| STEVEN SMITH, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN, SILER and ROGERS, Circuit Judges.

**PER CURIAM**. Steven Smith pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He appeals the district court's denial of his motion to suppress and motion to reconsider. For the following reasons, we **AFFIRM**.

**BACKGROUND**

A police officer in Mansfield, Ohio followed Christopher Smith, brother of Steven Smith, as he drove his truck along Olivesburg Road to its intersection with Newman Street and Wayne Street. The officer stopped Christopher after he turned left onto Wayne Street without signaling. The passenger, Steven, claimed to have no identification and the officer asked both occupants to exit the truck. Steven promptly fled on foot. Christopher stayed and consented to a search of his truck, wherein the police discovered a handgun located on the passenger-side floorboard. Christopher denied knowledge of the gun, and claimed that it belonged to Steven.

Steven was charged with being a felon in possession of a firearm and filed a motion to suppress evidence discovered from the traffic stop. The district court denied his motion, holding that Christopher's failure to signal violated Mansfield Codified Ordinance § 331.14(a) and supplied the probable cause needed to validly stop Christopher's vehicle. Steven filed a motion to reconsider the order denying his motion to suppress, citing the expert opinion of Henry Lipian that § 331.14(a) did not require a driver to signal when turning from Olivesburg Road onto Wayne Street. The district court denied the motion to reconsider, and Smith pleaded guilty to the indictment, reserving the right to appeal the denial of his motion to suppress.

## DISCUSSION

### A. Standard of Review

We review a district court's legal conclusions in support of a denial of a motion to suppress de novo. *United States v. McPhearson*, 469 F.3d 518, 523 (6th Cir. 2006).

We review a district court's denial of a motion to reconsider a suppression order for an abuse of discretion. *See United States v. Cleveland*, 165 F.3d 28, 1998 WL 639173, at *2 (6th Cir. Sept. 11, 1998) (table); *see also United States v. Ozuna*, 561 F.3d 728, 735 (7th Cir. 2009); *United States v. Brobst*, 558 F.3d 982, 994 (9th Cir. 2009).

### B. Motion to Suppress

Steven argues that the district court erred in holding that a vehicle traveling along Olivesburg Road and turning onto Wayne Street in Mansfield must use a turn signal under § 331.14(a). As a result, he argues, law enforcement lacked probable cause to stop Christopher's truck, and any evidence the government obtained from the stop should have been suppressed.

We require probable cause to justify stops for completed misdemeanor traffic violations. *United States v. Simpson*, 520 F.3d 531, 540–41 (6th Cir. 2008). Because Christopher's failure to signal—a misdemeanor under Mansfield Codified Ordinance § 303.99(a) and (b)—was complete by the time law enforcement stopped his truck, probable cause was required to justify the stop. *See United States v. Hughes*, 606 F.3d 311, 316 n.8 (6th Cir. 2010). We have previously upheld traffic stops where law enforcement witnessed a vehicle failing to signal before changing lanes in violation of state law, regardless of the officer's subjective motive for initiating the stop. *See United States v. Akram*, 165 F.3d 452, 455 (6th Cir. 1999). Here, the officer's observance of Christopher's failure to signal supplied the probable cause necessary to stop him.

Steven argues that the failure to signal was not prohibited by Mansfield traffic law, because vehicles do not cross oncoming traffic when turning from Olivesburg Road onto Wayne Street, and thus no turn signal was needed under § 331.14(a). Olivesburg Road is one section of State Route 545, and its name changes to Wayne Street at a three-way intersection with Newman Street. Vehicles traveling south on Olivesburg Road may continue following State Route 545 by veering left onto Wayne Street, or may continue straight onto Newman Street. All three streets allow for the two-way flow of traffic.

The district court correctly held that vehicles traveling along State Route 545 through this intersection must signal when turning onto Wayne Street. Section 331.14(a) requires that "No person shall turn a vehicle or move right or left upon a highway . . . without giving an appropriate signal." This section does not distinguish between turns at four-way intersections and the kind involved here, and instructs drivers that turn signals should "clearly indicate to both *approaching*

- 3 -

and *following* traffic [the driver's] intention to turn." (emphasis added). Using a turn signal here would have accomplished these purposes. Vehicles following behind Christopher would have benefited from knowing whether he intended to turn left onto Wayne Street or proceed straight onto Newman Street. Vehicles waiting at the red light to turn right onto Wayne Street from Newman Street would also have benefited from knowing whether Christopher intended to turn in front of them. Even if not a 90-degree turn, requiring a signal here fits within the plain language of § 331.14(a). We reached the same conclusion regarding a similar intersection in *United States v. Westmoreland*, 224 F. App'x 470, 2007 WL 930262, at *3–5 (6th Cir. 2007), and Ohio courts have also done so under similar ordinances, *see State v. Hoder*, No. 03CA0042, 2004 WL 1343573, at *4 (Ohio Ct. App. June 16, 2004); *State v. Beacham*, No. 03CA36, 2003 WL 22763534, at *3 (Ohio Ct. App. Nov. 18, 2003).

## C. Motion to Reconsider

Steven argues that the district court abused its discretion by denying his motion to reconsider because Lipian's expert opinion demonstrated that it was a clear error of law to conclude that § 331.14(a) required Christopher to signal his turn. The district court, however, properly denied Smith's motion to reconsider because it was capable of interpreting § 331.14(a) without the assistance of an expert. *United States ex rel. Compton v. Midwest Specialties, Inc.*, 142 F.3d 296, 301–02 (6th Cir. 1998) ("Expert testimony is not proper for issues of law." (quoting *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996))).

**AFFIRMED**.