NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0592n.06

Case No. 13-6128

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **CAROLYN WOOD, et al.,** | ) | **FILED**<br>Aug 04, 2014<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| **Plaintiffs-Appellants,** | ) | |
| | ) | **ON APPEAL FROM THE** |
| **v.** | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE MIDDLE** |
| **WAL-MART STORES EAST, LP, et al.,** | ) | **DISTRICT OF TENNESSEE** |
| | ) | |
| **Defendants-Appellees.** | ) | |
| | ) | |
| _____/ | ) | |

**Before: MERRITT, COOK, and DONALD, Circuit Judges.**

**MERRITT, Circuit Judge.** This is a slip-and-fall case in federal court through diversity jurisdiction. Wood tripped in front of a Wal-Mart store and injured her hand. She sued Wal-Mart for negligence, and a jury found for Wal-Mart. Wood appeals and argues that the district court erred in admitting Wal-Mart's expert, refusing to offer an instruction on negligence *per se*, and in admitting evidence concerning the lack of prior accidents at the spot where Wood fell. We disagree and affirm.

**I.**

Wood tripped on a quarter of an inch lip on the sidewalk in front of a Wal-Mart store at the point where the asphalt of the parking lot transitions into the concrete of the sidewalk. Wal-Mart had designed the sidewalk to be flush with the asphalt of the parking lot, but apparently the

asphalt had settled over time and created a very slight elevation where the two joined. Wood suffered serious injuries to her hand and sued Wal-Mart in a Tennessee court to recover damages under two theories: negligence for failing to repair and warn of the quarter-inch change in elevation, and negligence *per se* because the elevation change violated applicable building codes. Wal-Mart removed to federal court where the case was set for a jury trial.

Wood's *per se* theory relied on the interpretation of two building codes—specifically whether Wood fell in a "means of egress" as defined by one of the codes. There was significant dispute on this point, and the parties offered competing expert witnesses to interpret the codes. Wal-Mart's expert, an architect named Mr. Edwards, claimed that the codes offered by the plaintiff did not apply because the transition area was not a "means of egress." Wood's expert, an engineer named Mr. Johnson, claimed that the quarter-inch lip is a danger under any building code, including those cited by Wood. Both parties moved prior to trial to exclude the other's expert. The district court allowed both experts, with the caveat that neither could speak directly to causation.

Ultimately, the district court rejected Wood's proffered instruction on negligence *per se*. As such, the jury was instructed on negligence generally and left to consider the various codes in that context. The jury returned a verdict in favor of Wal-Mart, and Wood appeals.

**II.**

Wood argues that the district court made three errors. First, the district court erred in allowing Mr. Edwards to testify. Second, the district court erred in refusing to offer an instruction on negligence *per se*. And third, the district court erred in allowing Wal-Mart to admit evidence as to the lack of prior accidents at the transitional area in question. Wood's arguments are without merit.

**A.**

Wood argues that the district court erred in allowing the defendant's expert, Mr. Edwards, to testify because his testimony was not reliable under *Daubert* and because he improperly offered his opinion on a question of law—whether the various building codes applied to the transition at issue.

As to her first point, the district court did not abuse its discretion in finding Edwards reliable enough to testify. Wood argues that Edwards' testimony fails the factors listed in *Daubert v. Merrell Dow Pharmaceuticals*: that his testimony was not supported by generally accepted authority or reliable testing, did not reflect industry standards, did not offer peer reviewed or published opinions, and thus was unreliable under the Supreme Court's standard. 509 U.S. 579, 592-94 (1993). But "*Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *First Tenn. Bank Nat'l Ass'n v. Barreto*, 268 F.3d 319, 335 (6th Cir. 2001) (quoting *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 141 (1999)). Particularly in cases involving non-scientific experts, "the relevant reliability concerns may focus upon personal knowledge or experience." *Id.* "[W]hether *Daubert*'s specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Id.*

Edwards was a non-scientific witness whose expertise came primarily from personal knowledge and experience. The record shows that Edwards had professional experience with the specific building codes at issue as well as experience designing asphalt-to-sidewalk transition areas during his 40 years as an architect of commercial buildings. There was ample reason for the district court to conclude that Edwards was a reliable witness whose expertise and testimony would assist the jury. "[A]buse of discretion is the appropriate standard to apply in reviewing a

trial court's decision to admit or exclude expert testimony," and we find no abuse here. *Morales v. Am. Honda Motor Co., Inc.*, 151 F.3d 500, 515 (6th Cir. 1998).

Wood's second point is more thorny. Edwards' testimony interprets building codes and he is not a lawyer, yet the "interpretation of the city and state building codes is a matter of law for resolution by the court and not a proper subject for testimony from at least that of a non-lawyer." *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 295 (6th Cir. 1999). But even if allowing Edwards to opine on the application of the building codes was error, the error was harmless. *United States v. Johnson*, 440 F.3d 832, 847 (6th Cir. 2006) ("We review the district court's evidentiary decisions for abuse of discretion, and we will reverse only when we find that such abuse of discretion has caused more than harmless error.")

The problem is that Wood has not connected the alleged error to her alleged harm. She argues that allowing Edwards to testify was not harmless because it prevented her from offering her *per se* theory to the jury, but she has not pointed to anywhere in the record showing that Edwards' testimony had any influence on the district court's decision to refuse her *per se* instruction. It is well established that the burden of illustrating error on appeal is on the party asserting that error—here, Wood. *S. Ry. Co. v. Lester*, 151 F. 573, 575 (6th Cir. 1907). The district court is "capable of interpreting [local codes] without the assistance of an expert." *United States v. Smith*, 421 F. App'x 572, 575 (6th Cir. 2011). Without any reason to conclude that the district court considered Edwards' testimony in refusing to offer the *per se* instruction, we are not persuaded that Edwards' testimony created reversible error.

**B.**

Wood faces a similar problem arguing that the district court erred in denying her negligence *per se* instruction: she challenges the court's decision without pointing us to any

error in the court's reasoning. At best, she offers us a number of reasons why she believes the building codes apply in this case. But we do not review the evidence anew on appeal; rather, we review the court's "denial of a proposed jury instruction for abuse of discretion." *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291, 305 (6th Cir. 2011). Regardless of how we feel about the application of the codes, "[a] district court does not abuse its discretion simply because it exercises its discretion differently than the reviewing court would have done in a similar situation." *Dubay v. Wells*, 506 F.3d 422, 434 (6th Cir. 2007). The district court's reasoning is at issue here, and without any substantive argument on that point, we find no abuse.

## C.

Finally, Wood argues that the district court erred in allowing Wal-Mart to present evidence as to the lack of prior accidents where she fell because the evidence is not relevant and too prejudicial. This argument is not persuasive. Wood correctly cites Tennessee cases for the proposition that "foreseeability" was at issue in this case, but her interpretation as to relevance and admissibility of evidence in those cases is flawed.

None of the Tennessee cases cited by Wood suggest that a lack of prior accidents is irrelevant to the foreseeability inquiry in a premises liability case—rather the cases show that such evidence is relevant but not conclusive on the foreseeability issue. *See Johnson v. Dupree Oil Co., Inc.*, No. E2004-01433-COA-R3-CV, 2005 WL 1981799, at *7 (Tenn. Ct. App. Aug. 16, 2005) ("[T]here are cases where evidence of prior problems has been deemed relevant to show notice of a dangerous condition . . . ."); *Zamek v. O'Donnell*, No. W2006-00522-COA-R3-CV, 2007 WL 98481, at *5 (Tenn. Ct. App. Jan. 16, 2007) ("[A] lack of any record of complaints does not conclusively establish a lack of notice . . . .").

But even then, Tennessee cases do not control the admissibility of relevant evidence in federal court. State law provides the substantive law in diversity actions; thus, because the foreseeability of the danger is at issue in a premises liability action under Tennessee law, it is at issue in this case. However, the Federal Rules of Evidence, not state law, control the admissibility of evidence relevant to that issue. *See Legg v. Chopra*, 286 F.3d 286, 289 (6th Cir. 2002) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). And the Federal Rules are extremely permissive as to what evidence is relevant. "Under Rules 401 and 402, testimony is admissible into evidence if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Moore*, 917 F.2d 215, 233 (6th Cir. 1990) (quoting Fed. R. Evid. 401). "As the permissive language in the Rule indicates, the decision to admit relevant, but potentially prejudicial, evidence is committed to the sound discretion of the trial court." *Id.*

Under Tennessee law, Wal-Mart would have notice of a dangerous condition if the condition "occurs regularly," is "reasonably foreseeable," or "occurs so often that the premises owner is put on constructive notice of its existence." *See Tinsley v. Wal-Mart Stores, Inc.*, 155 F. App'x 196, 198 (6th Cir. 2005) (quoting *Blair v. West Town Mall*, 130 S.W.3d 761, 766 (Tenn. 2004)). Thus, the frequency of accidents and the foreseeability of a dangerous condition go hand in hand. Evidence of the frequency or lack of accidents at the transition, and Wal-Mart's knowledge of any such accidents, would be "of consequence" to the case, making it "more probable or less probable" that the elevation change was a foreseeable danger to Wal-Mart. Such evidence was not unduly prejudicial simply because Wood could not provide evidence that accidents occurred more often than Wal-Mart claimed. We therefore conclude that the district

court did not abuse its discretion in admitting evidence as to the lack of prior accidents at the

transition.

## III.

The judgment of the district court is **AFFIRMED**.