# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51014
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUSTIN AUBREY BLALOCK,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:15-CR-196-1

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Justin Aubrey Blalock was convicted by a jury of possession of a firearm during the commission of a drug trafficking crime and sentenced to the statutory minimum sentence of 60 months of imprisonment and a two-year term of supervised release. On appeal, he argues that the evidence was insufficient for conviction because the Government did not demonstrate that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51014

he possessed the firearms in furtherance of the drug trafficking crime. Our review is de novo. *See United States v. Klein*, 543 F.3d 206, 212 (5th Cir. 2008).

In *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir.), *amended on other grounds*, 226 F.3d 651 (5th Cir. 2000), we set out eight factors which would help to demonstrate that possession of the firearm furthered, advanced, or helped forward the drug trafficking offense. These factors indicate that Blalock's case is more similar to the facts in *Ceballos-Torres*, where we affirmed the defendant's conviction, than to the examples we gave of situations which would not support conviction. *See Ceballos-Torres*, 218 F.3d at 415.

Blalock testified that he sold approximately one pound of marijuana per week, that he sometimes repackaged and sold marijuana at his residence, that he had approximately two pounds of marijuana on the day his residence was searched, and that he feared others in the drug trade. Two loaded handguns were immediately accessible to Blalock when he was in bed. Blalock's statement that he used the firearms for hunting and sport is difficult to credit, given that the handguns, at least, were easily accessible, loaded, and not stored in a locked cabinet or the like. *See United States v. Riggins*, 524 F. App'x 123, 130 (5th Cir. 2013).[1] There was no evidence that the weapons were stolen, but Blalock's possession of the firearms was arguably illegal based on his unlawful use of marijuana. *See* 18 U.S.C. § 922(g)(3). The majority of the marijuana and drug paraphernalia was in the vicinity, although not in the same room, as the firearms, and a small bag of marijuana and two rolls of cash were found in the same room as the firearms. *See Ceballos-Torres*, 218 F.3d at 415; *United States v. Vidales*, 575 F. App'x 470, 471 (5th Cir. 2014). Finally, nothing about

---

[1] Although an unpublished opinion issued after January 1, 1996, is not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

No. 16-51014

the "time and circumstances under which the gun [was] found," *Ceballos-Torres*, 218 F.3d at 415, assists Blalock, as the firearms "were found as a result of a search warrant based on illegal drug activity," *Riggins*, 524 F. App'x at 131. On balance, these factors do not support Blalock's position.

Blalock's comparison to *United States v. Palmer*, 456 F.3d 484 (5th Cir. 2006), is inapposite, as the defendant in that case kept his firearm unloaded and locked in a safe, while Blalock kept two loaded firearms easily accessible in his bedside table. And although Blalock argues that he kept the handguns for protection and for sport, "[a] jury is free to choose among reasonable constructions of the evidence." *United States v. Garcia*, 567 F.3d 721, 731 (5th Cir. 2009) (internal quotation marks and citation omitted). Viewing the record in the light most favorable to the Government, there was sufficient evidence for the jury to convict Blalock. *See Klein*, 543 F.3d at 212.

AFFIRMED.